IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY THOMAS, JR. | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 18-cv-00800-TJK |
| CRYSTAL MORELAND, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE**

Pursuant to this Court's January 21, 2021 Order granting Defendant Moreland and third party Human Society of the United States' Motion for Order to Show Cause (the "Joint Motion", ECF 58, filed by the "Filers"), Plaintiff Jeffrey Thomas, Jr. ("Thomas"), through his undersigned counsel, Diane A. Seltzer Torre and the Seltzer Law Firm, hereby files this Memorandum to demonstrate that there is no cause to hold him in civil contempt. Plaintiff has complied with all applicable discovery rules and Court Orders in this matter. Further, communications between journalists and sources are privileged under D.C. law, so Mr. Thomas cannot be compelled to reveal whether he was a source for the media. Accordingly, this Court must deny the Joint Motion.

**ARGUMENT**

**A. Plaintiff Has Complied with All Court Orders in This Case.**

As the Joint Motion properly states, the burden of proof in this case is clear and convincing evidence. The Filers have failed to meet this burden, as there is **no** evidence that Plaintiff violated the Protective Order in effect in this case.

The relevant timeline is as follows: In Spring 2020, the parties served written discovery upon each other and upon HSUS/HSLF (by subpoena). The parties produced responses. Although the Filers could have, when they first produced documents over the Spring/Summer 2020, they chose **not to** designate their productions as "Confidential" or as "Highly Confidential". In fact, the issue was never raised, much less discussed.

This Court ruled on September 10, 2020 (Doc. 37) that a Protective Order would cover aspects of this case. The Protective Order in this case permits the parties (and third party HSUS/HSLF) to label their responses as "Confidential" or "Highly Confidential".[1] But even after the Court issued the Protective Order, Defendant and HSUS/HSLF **still** declined to avail themselves of the protections of that Protective Order. They did not label documents as "Confidential" or "Highly Confidential" when producing them the first time, and they did not re-produce them with such designations once the Protective Order issued on September 10, 2020, even though they could have. In fact, with the exception of Mr. Thomas' tax returns, **no** documents that are at issue in the Joint Motion were marked "Confidential" or "Highly Confidential" when first produced.

---

[1] Mr. Thomas marked his tax returns as "Highly Confidential" before producing them.

2

**The timeline the Filers presented ignores a critical inconvenient fact: although Defendant Moreland and HSUS/HSLF produced documents in response to, respectively, Plaintiff's discovery requests and to Defendant's subpoena served months earlier upon HSUS/HSLF, neither of them marked their productions as "Confidential" until <u>after</u> Humane Watch published its first article on September 18, 2020.**

According to Defendant, the first article Humane Watch published was on the **morning** of September 18, 2020. **On September 18, 2020 at 8:18 p.m.**, **after seeing the article**, Defendant Moreland **for the first time** marked **all** of her discovery responses as "Confidential" or as "Highly Confidential". Defendant Moreland then re-served every document she had previously produced in discovery and, with the exception of the Amended Complaint and her Answer, **for the first time** marked every re-served document as "Confidential." (See Exhibit A). She also designated almost every word of her October 12, 2020 deposition as "Confidential" or "Highly Confidential." (See Exhibit B). Indeed, she designated nearly the entirety of Mr. Thomas' October 8, 2020 deposition as "Confidential", as well.

For its part, on October 7, 2020, HSUS/HSLF labeled as "Confidential" or "Highly Confidential" every document it produced in response to Plaintiff's subpoena – much of which it had already produced without such designations in response to Defendant's subpoena. (See Exhibit C). HSUS/HSLF also designated every word of its Rule 30(b)(6) Depositions on October 19 and 22, 2020 as "Confidential" or "Highly Confidential."

The Joint Motion readily acknowledges that the news media began covering this case **prior to** any published documents being marked "Confidential" or "Highly Confidential" by any party. **The Joint Motion does not, and cannot, deny that even if any documents were provided**

3

**to one or more media outlets or journalists, they were clearly provided** *prior to* **the documents being marked "Confidential" or "Highly Confidential". The Filers must accept responsibility for their decision not to designate their documents as such, despite having numerous opportunities to do so well before September 18, 2020.**

The Joint Motion also fails to acknowledge, much less identify, the universe of people who have access to these and other documents. The Joint Motion neglects to provide any evidence of the investigation, if any, the Filers performed to determine whether one or more of these individuals provided the media with the materials at issue. The Joint Motion states as fact that Plaintiff was the provider and redactor of documents and that he provided these documents to the media after the Filers designated the documents as "Confidential" or "Highly Confidential". But they offer no evidence – much less clear and convincing evidence – that he provided these documents or that he did so after they were subject to the Protective Order.

The Joint Motion also takes great issue with how the case has been covered by a news organization and repeatedly complains about the coverage. It is improper and irrelevant to complain about news coverage to this or any other Court: it is not the Court's burden to scrutinize and interfere with truthful news coverage that one party purportedly does not like. HSUS is a quarter-billion-dollar global organization with a substantial press relations operation that can create or respond to whatever media coverage it chooses.

Regardless, Plaintiff Thomas has **never** given information marked "Confidential" or "Highly Confidential" to any person that he is not allowed to communicate with under the Protective Order and moves to strike the Filers' allegations that he has done so. He submits his

4

Declaration[2] (See Exhibit D) confirming that he has not shared with anyone unconnected to this litigation any discovery responses that were subject to the Protective Order once they were identified as documents that were, in fact, subject to the Protective Order. Thus, he has not violated the Protective Order and cannot be held in contempt of court.

### B. Plaintiff's Press Communications and Writings Are Not Discoverable Under the Court's Order or Under the D.C. Code.

The Court ruled in its August 22, 2020 Order, and again in its January 26, 2021 Order, that Mr. Thomas did not have to provide documents related to his communications with the press. Any such communications have no bearing on a claim or defense in this case. Ms. Moreland's counsel improperly questioned Mr. Thomas on these exact discovery topics in his deposition even though Plaintiff Thomas' counsel reiterated the Court's Order and Mr. Thomas properly noted that questions along these lines were privileged.

By falsely claiming that Mr. Thomas gave documents covered by the Protective Order to a journalist, the Filers seek to improperly box him in and force him to either admit or deny he was a source for press accounts about the Humane Society. Mr. Thomas cannot be compelled to admit or deny whether he was a news source. D.C. Code §16-4703.b is unequivocal on this subject: "A court may not compel disclosure of the source of any information protected under §16-4702."[3]

---

[2] Due to an emergency, Mr. Thomas was not able to sign this Declaration before it was due to be filed. Counsel for Plaintiff has represented to counsel for Defendant that Mr. Thomas will supplement this pleading with a signed Declaration that is identical in form and content to the Declaration supporting this Memorandum.

[3] D.C. Code §16-4702 is the D.C. Shield Law for news media and sources and states:

Even if Plaintiff Thomas had provided non-confidential information to the media, it is preposterous to suggest that whistleblowing or exposing cover-ups of sexism or other inappropriate behavior constitutes sanctionable conduct. Yet in ignoring their decision not to designate documents as "Confidential" or "Highly Confidential", the Filers claim just that. Were that the case, the press could never engage in investigative journalism, and the First Amendment would be completely eviscerated.

## CONCLUSION

There is no basis to hold Plaintiff in civil contempt. A proposed Order is attached.

Respectfully submitted,

**THE SELTZER LAW FIRM**

*Diane A. Seltzer Torre*
Diane A. Seltzer Torre, Esquire
DC Bar No. 434571
4800 Hampden Lane, Suite 200
Bethesda, MD  20814
301-500-1550
dseltzer@seltzerlawfirm.com

Dated: February 3, 2021                   Attorneys for Plaintiff Jeffrey Thomas, Jr.

---

Except as provided in section 16-4703, no judicial, legislative, administrative, or other body with the power to issue a subpoena shall compel any person who is or has been employed by the news media in a news gathering or news disseminating capacity to disclose:
(1) The source of any news or information procured by the person while employed by the news media and acting in an official news gathering capacity, whether or not the source has been promised confidentiality; or
(2) Any news or information procured by the person while employed by the news media in the course of pursuing professional activities that is not itself communicated in the news media, including any:
    (A) Notes;
    (B) Outtakes;
    (C) Photographs or photographic negatives;
    (D) Video or sound tapes;
    (E) Film; or
    (F) Other data, irrespective of its nature, not itself communicated in the news media.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd of February, 2021, I caused to be served on counsel for Defendant, via ECF, via electronic mail to gmaier@wc.com, ahrom@wc.com, and to counsel for HSUS/HSLF via ECF to kgrossenbacher@seyfarth.com, a copy of the foregoing Plaintiff's Memorandum in Response to Court Order. There are no pro se parties.

*Diane A. Seltzer Torre*
Diane A. Seltzer Torre