Page 1

1          IN THE UNITED STATES DISTRICT COURT

2                  DISTRICT OF COLUMBIA

3                      - - - - -

4

JEFFREY THOMAS, JR.,              )

5                                 )

        Plaintiff,                )   Civil Action No.

6                                 )   18-cv-0800-TJK

        vs.                       )

7                                 )

CRYSTAL MORELAND,                 )

8                                 )

        Defendant.                )

9

10                 REMOTE VIDEOCONFERENCE

11        VIDEO RECORDED DEPOSITION OF JEFFREY THOMAS

12            Friday, March 5, 2021, 12:07 p.m.

13                   Richmond, Virginia

14

15

16

17

18

19   Reported By: Marjorie Peters, FAPR, RMR, CRR, RSA

20

21

22

Page 2

1                    REMOTE VIDEOCONFERENCE

2          VIDEO RECORDED DEPOSITION OF JEFFREY THOMAS,

3     a witness herein, called by the Defendant Crystal

4     Moreland for examination, taken pursuant to the

5     Federal Rule of Civil Procedure 30, by and before

6     Marjorie Peters, a Registered Merit Reporter,

7     Certified Realtime Reporter and Notary Public in and

8     for the Commonwealth of Virginia, Witness located in

9     Richmond, Virginia, on Friday, March 5, 2021, at

10    12:07 p.m.

11

12

13

14

15

16

17

18

19

20

21

22

Page 3

1                    A P P E A R A N C E S

2    For the Plaintiff:

3        Diane A. Seltzer Torre, Esquire
         THE SELTZER LAW FIRM
4        4800 Hampden Lane
         Bethesda, MD 20814
5        dseltzer@seltzerlawfirm.com
6

7    For the Defendant:

8        Anna J. Hrom, Esquire
         Carl Metz, Esquire
9        WILLIAMS & CONNOLLY LLP
         725 Twelfth Street, N.W.
10       Washington, D.C., 20005
         ahrom@wc.com
11       202-434-5296
12

13   ALSO PRESENT:

14   Solomon Francis, Legal Videographer

15

16

17

18

19

20

21

22

Page 4

1                    I N D E X

2   EXAMINATION                                    PAGE

3   JEFFREY THOMAS JR.

4      By Ms. Hrom                                 6

5      Acknowledgment of Deponent                  26

6      Certificate of Reporter                     27

7      Errata Sheet                                28

8

9           I N D E X   O F   E X H I B I T S

10  EXHIBIT                                        PAGE

11                 (No exhibits.)

12

13

14

15

16

17

18

19

20

21

22

1                    P R O C E E D I N G S

2                    THE VIDEOGRAPHER:  Good afternoon.

3    We're going on the record at 12:07 p.m. on March 5,

4    2021.  This is the remote video recorded deposition

5    of Mr. Jeffrey Thomas Jr., taken in the matter of

6    Jeffrey Thomas Jr., plaintiff, versus Crystal

7    Moorehead [sic], defendant, filed in the United

8    States District Court for the District of Columbia,

9    case number 18-cv-0800-TJK.

10                   My name is Solomon Francis with

11   Veritext Legal Solutions.  I'm the videographer.

12   Our court reporter today is Marjorie Peters with

13   Veritext Legal Solutions.

14                   At this time will counsel please

15   state their appearances and affiliations for the

16   record.

17                   MS. TORRE:  Diane Seltzer Torre,

18   counsel for Jeffrey Thomas.

19                   I think it's also Moreland.  I think

20   you said Morehead.

21                   THE VIDEOGRAPHER:  Okay.  I thought

22   I said Moreland.

1                  MS. HROM:  This is Anna Hrom from

2     Williams and Connolly LLP, for defendant, Crystal

3     Moreland.  I'm joined by my colleague, Carl Metz,

4     also from Williams and Connolly, also for the

5     defendant.

6                  THE VIDEOGRAPHER:  At this time if

7     the court reporter would swear in the witness, we

8     may proceed.

9                  JEFFREY THOMAS JR,

10    a witness, having been first duly sworn, was

11    examined and testified as follows:

12                  THE VIDEOGRAPHER:  Please proceed,

13    counsel.

14                  EXAMINATION

15    BY MS. HROM:

16       Q.    Mr. Thomas, good afternoon.  I'm going

17    to jump into questions, if you --

18       A.    I'm happy to answer your questions.  I

19    know what they're going to be, and I have a one-page

20    thing.

21                  Would you mind if I read this before

22    we got started?  It will save everybody some time.

Page 7

1        Q.      I would mind.  I'll be doing the

2    questioning today, and if there's time at the end,

3    we'll think about it.

4                    My first question is, you've only

5    been deposed once before; correct?

6        A.      Yes.

7        Q.      Do you understand that you're under

8    oath, and you must answer my questions fully and

9    truthfully today?

10       A.      Yes.

11       Q.      This deposition is being conducted

12   remotely, but you do understand it has the same

13   force as if you were testifying before a judge and

14   jury; correct?

15       A.      Yes.  We've been through this before.

16   Yes.

17       Q.      Again, since we are remote, and the

18   court reporter is remote, it's important that we

19   don't talk over each other today.

20                    Do you understand that?

21       A.      Yes.  Let's cut to the chase.

22       Q.      Is there any reason that you won't be

Page 8

1   able to answer truthfully today; for example,

2   because of drugs, alcohol, or medication?

3       A.      No.

4       Q.      You understand that you need to answer

5   using words, not gestures; correct?

6       A.      Yes.

7       Q.      Then from time to time, I'll introduce

8   exhibits using the court reporter's exhibit sharing

9   system.  And before we went on the record, you -- we

10  confirmed that you have access to that system;

11  correct?

12      A.      Yes.

13      Q.      And then as you know, if you need a

14  break, let me know, but we won't break if a question

15  is pending.  Do you understand?

16      A.      That's fine.

17      Q.      All right.  Then for the purposes of the

18  record, I'm going to note that pursuant to our

19  protective order in this case, portions of the

20  deposition transcript might be marked confidential

21  or highly confidential within seven days of the

22  receipt of the deposition transcript; and so

Page 9

```
1   therefore, the transcript should be treated as

2   presumptively confidential until after that time has

3   expired.

4               Mr. Thomas, what did you do to

5   prepare for your deposition today?

6       A.      I wrote this statement.

7               MS. HROM:  I guess, Diane, can we

8   get a copy of that statement?

9               MS. TORRE:  I don't know.

10              MS. HROM:  Okay.

11              THE WITNESS:  I'm happy to read it

12  right now --

13              MS. TORRE:  I mean --

14              MS. HROM:  I think --

15              THE WITNESS:  -- for the record.

16              MS. HROM:  We can hold off on that

17  and consider whether we need to read it on the

18  record or whether we --

19              MS. TORRE:  Right.

20  BY MS. HROM:

21      Q.      So my first question to you is:  In June

22  2016, you had a telephone call with Wayne Pacelle to
```

Page 10

1  discuss potential donations to the Humane Society;

2  correct?

3       A.    This Court's -- excuse me.  This

4  deposition concerns any donation for employment

5  arrangements.  That was the first topic.  The second

6  is any self-funded employment.

7               There was no donation for employment

8  arrangement; so therefore, any questions related to

9  that.  You know, you can spin your wheels all you

10 want, there was none.  In fact, we talked about it

11 at the last deposition.

12      Q.    Okay.

13      A.    So we can talk about some -- you know,

14 if you keep on asking questions that you are not

15 relevant, you're welcome to, but I've already

16 answered your questions.

17               I'm happy to answer the second

18 topic, which is the self-funded employment.  But

19 again, this deposition is extremely limited, and I'm

20 happy to talk about those questions pursuant to the

21 Court's order.

22      Q.    All right.  Perhaps you didn't

```
                                           Page 11
 1   understand my question.

 2                My question is was:  In June 2016,

 3   you had a telephone call with Wayne Pacelle to

 4   discuss potential donations to the Humane Society;

 5   correct?

 6        A.    That question is not relevant to this

 7   deposition.

 8        Q.    Are you refusing to answer the question?

 9        A.    Yes.

10        Q.    All right.  In October --

11                MS. TORRE:  Maybe you can make a

12   proffer that it's a foundation for whatever it is

13   that may be relevant, just to move things forward.

14   I don't -- I don't know what you're going to ask, so

15   I don't know if it's relevant, but if we can have

16   context, maybe that will help.

17                MS. HROM:  All right.  I think I'd

18   like to go through my questions first, and we can

19   always circle back.

20        A.    Again, there was no self-employment

21   donation agreement.  You do understand that.  We

22   talked about it at the last deposition.
```

```
                                           Page 12
 1   BY MS. HROM:

 2        Q.      All right.  There's no question pending.

 3                   My next question is:  In October

 4   2016, you sent a check to the Humane Society;

 5   correct?

 6        A.      Again, none of this is relevant.  There

 7   was no self-funded employment arrangement.

 8                   Have you read the Court's order?

 9        Q.      I'll ask my question again.

10                   In October, 2016, you sent a check

11   to the Humane Society; correct?

12        A.      It is not relevant.

13        Q.      Okay.  Are you refusing to answer that

14   question?

15        A.      Yes.  For the reasons -- I have already

16   answered the questions that the Court has said are

17   relevant as regards the donation for employment

18   arrangement.

19        Q.      My next question is:  You donated at

20   least $350,000 to HSUS or its affiliates in 2016;

21   correct?

22        A.      These questions are not relevant, Anna.
```

1      Q.      I'm going to repeat the question.

2              You donated at least $350,000 to

3   HSUS or its affiliates in 2016; correct?

4      A.      Anna, again, how many times do you want

5   me to say the same thing.  I'm happy to talk what

6   the Court wants us -- you know, talk about what the

7   Court wants us to talk about.  If you ask irrelevant

8   questions, then I'm not going to answer.

9      Q.      Okay.  So just to make the record clear,

10  you're refusing to answer the question of whether

11  you donated at least $350,000 to HSUS or its

12  affiliates in 2016; correct?

13     A.      No.  Anna, have you read the court

14  order?

15     Q.      All right.  Let the record reflect that

16  the witness is not answering the question.

17              My next question:  How much in total

18  did you donate to HSUS in 2016?

19     A.      Anna, the court order, which I'm reading

20  from, says such and such you topics as they relate

21  to formation, negotiation, or execution of any

22  donation for employment arrangement.

```
 1                    That's what the court order says.
 2    There was no donation for employment arrangement.
 3         Q.     You're refusing to answer the question
 4    of how much you donated to HSUS in 2016?
 5         A.     I won't -- I won't be badgered to
 6    violate a court order.  If you don't want to respect
 7    the court order, that's your problem.
 8         Q.     Before January 2017, you and Wayne
 9    Pacelle had discussed your potential to make large
10    donations to HSUS or its affiliates; correct?
11         A.     Anna, are you going to -- how many
12    irrelevant questions are you going to ask?
13         Q.     I'll repeat the question.
14                    Before --
15         A.     I'm not able to answer anything that
16    does not involve a donation for employment
17    arrangement, which there was none.  How many times
18    can I repeat the same thing to you.
19         Q.     Before January 2017, you and Wayne
20    Pacelle had discussed your potential to make large
21    donations to HSUS or its affiliates; correct?
22         A.     I'm not going to answer that question.
```

1        Q.      Before January 2017, you and Paul

2   Shapiro had discussed your potential to make large

3   donations to HSUS or its affiliates; correct?

4        A.      I refuse to be harassed and answer all

5   these irrelevant questions, which is in violation of

6   the Court's order.

7        Q.      Before January 2017, Wayne Pacelle had

8   accepted large donations from you; correct?

9        A.      Should I put this on a tape recorder?

10  For these irrelevant questions.

11       Q.      So --

12       A.      Seriously, should I just say they're

13  irrelevant, or should I just not answer?

14       Q.      I mean, for the record, you can let me

15  know if you are refusing to answer the question.

16       A.      I refuse to answer irrelevant questions.

17  I am following the Court's order.  I suggest you do

18  the same.

19       Q.      Just to make the record clear, you're

20  refusing to answer the question:  Before January

21  2017, Wayne Pacelle had accepted large donations

22  from you; correct?

1     A.     That's what I said.  I refuse to answer

2  irrelevant questions.

3     Q.     Before January 2017, Paul Shapiro had

4  accepted large donations from you; is that correct?

5     A.     I refuse to answer irrelevant questions.

6     Q.     In January 2017, you proposed to Wayne

7  Pacelle that you would donate at least $50,000 per

8  year to HSUS's farm animal campaign in exchange for

9  $35,000 salary and confidentiality; correct?

10    A.     Yes, and that agreement was never

11 signed.  That agreement, there is no donation for

12 employment arrangement, Miss Hrom.

13    Q.     In 2017, you accepted an offer of

14 employment with HSLF with a $35,000 per year salary;

15 correct?

16    A.     I'm not going to answer irrelevant

17 questions.  I have told you there is no agreement.

18    Q.     Okay.  So you're refusing to answer the

19 question of whether you accepted an offer of

20 employment with HSLF in 2017 with a $35,000 per year

21 salary?

22    A.     I've literally read the very short court

Page 17

```
 1    order into the record of what is allowable in this

 2    deposition.  And you've refused to abide by those --

 3    by what the judge says.  I mean, it's baffling.

 4                    If you want to keep on asking

 5    irrelevant questions in violation of the court

 6    order, then -- you're an attorney, you go ahead and

 7    do that, but I'm not going to answer them.  I'm

 8    going to abide by Judge Kelly's ruling.

 9         Q.    Okay.  So you're not answering that

10    question, correct?

11                    Do you want me to read the question

12    back, or do you understand it?

13         A.    Please don't -- don't patronize me.  No.

14    I'm not answering that question.

15         Q.    At HSLF, you directed the amount of

16    salary that you would receive; correct?

17         A.    I am not answering that question.

18         Q.    In 2017 prior to your termination, you

19    donated more than $50,000 to HSUS or its affiliate

20    organizations?

21         A.    I am not answering that question.

22         Q.    How much did you donate to HSUS and its
```

1    affiliated organizations in 2017 prior to your

2    termination?

3         A.    I'm not answering that question.

4              MS. TORRE:  I'm going to object

5    because that's not connected to an employment, you

6    know, agreement, or an agreement to have an

7    employment opportunity.  I don't know that that's

8    covered by the court order.

9              MS. HROM:  Okay.

10             MS. TORRE:  I'm not saying you can't

11   get an answer, but I don't know that that's the

12   right question, or it needs to have context, I

13   think, to comply with the court order.

14             MS. HROM:  All right.  We believe

15   that the question goes to damages, and so we believe

16   it is covered by the Court's order.  I'll repeat it

17   just to make sure that I read it correctly.

18        Q.    So Mr. Thomas, how much did you donate

19   to HSUS and its affiliated organizations in 2017

20   prior to your termination?

21        A.    I'm not going to answer that question,

22   or any other irrelevant question.

1    Q.    In May 2017, did you make a stock

2    transfer from the Burt Thomas brokerage account to

3    HSUS?

4    A.    I'm not going to answer that question.

5    Q.    Is the Burt Thomas brokerage account

6    your account?

7    A.    I'm not going to answer that question.

8    Q.    You were terminated from HSLF in

9    November 2017; is that correct?

10   A.    I'm not going to answer that question.

11   Q.    After your termination from HSLF, did

12   you stop donating money to HSUS and its affiliates?

13   A.    I'm not going to answer that question.

14   I mean, the court order is one sentence.  I can't

15   make you follow it.

16   Q.    Just to make sure that the record is

17   clear, you're refusing to answer the question

18   whether you terminated -- after your termination

19   from HSLF, you continued to make donations to HSUS

20   or its affiliated organizations; correct?

21   A.    I just told you that I wouldn't answer

22   it.

Page 20

1      Q.     Okay.  When was your last donation to

2   HSUS or any of its affiliate organizations?

3      A.     I would request for the third or fourth

4   time that you quit badgering me and har -- with

5   these irrelevant -- or questions.  The Court has

6   limited the discussion in this deposition.

7                I told you there was -- and you have

8   seen -- we talked about this in the last deposition.

9   It was -- in fact, it was the last question that you

10  told Gloria to ask.  Was that agreement ever signed.

11  That agreement was never signed.  There is no

12  donation for employment arrangement; therefore, any

13  questions related to that are, you know -- not even

14  related to that.  Any other questions you ask are

15  not relevant, Anna.

16     Q.     In July 2018, you told Bruce Friedrich

17  that you had secured dedicated funding from an

18  anonymous donor so that the Good Food Institute

19  would employ you; correct?

20     A.     I offered to self-fund employment at the

21  Good Food Institute, yes.

22     Q.     Okay.  So the anonymous donor was you?

```
                                             Page 21
 1        A.     Yes.

 2               And I did the same thing at Animal

 3   Wellness Action couple of months later.  And those

 4   were the only two instances in which I offered, you

 5   know, that sort of arrangement.

 6        Q.     All right.  So you mentioned Animal

 7   Wellness Action.  So that was in August 2018 you

 8   told Marty Irby that you had secured charitable

 9   funding from an anonymous donor so that you could be

10   employed at Animal Wellness Action?

11        A.     Yes.  That anonymous donor was me.

12        Q.     Okay.  And you made that contribution to

13   Marty --

14        A.     I'm --

15        Q.     -- in August 2018?

16        A.     I didn't hear you.

17        Q.     I just want to confirm that you made

18   that representation that an anonymous donor would

19   pay your salary at Animal Wellness Action to Marty

20   Irby in August 2018; is that correct?

21        A.     That's probably the right date, yeah.

22   And those were the only two, so that concludes every
```

1  relevant topic from the Court's deposition, although

2  I'm sure you'll try to ask more irrelevant

3  questions, which I won't answer.

4      Q.    Are you currently employed?

5      A.    I won't answer that question.

6      Q.    At your last deposition, you mentioned a

7  volunteer opportunity with a group of people who

8  give money to charity.

9            Do you remember that testimony?

10     A.    Anna, that is brazenly not part of the

11 Court's order, and I will not answer that.

12     Q.    All right.

13            So I'd like to go off the record

14 briefly and take a break so I can gather my notes,

15 please.

16            THE WITNESS:  No, I don't consent to

17 that.

18            MS. HROM:  You don't consent to go

19 off the record?

20            THE WITNESS:  Nope.  If you have no

21 further questions, then we're done.

22            MS. HROM:  All right.  I guess

```
                                          Page 23
 1   Mr. Videographer, could you tell us the time that we
 2   have been on the record to this point?
 3                     THE WITNESS:  17 minutes.
 4                     THE VIDEOGRAPHER:  16 minutes 57
 5   seconds.
 6                     MS. HROM:  Okay.  Thank you.
 7                     THE WITNESS:  Thank you for your
 8   time.
 9                     MS. HROM:  Well --
10                     MS. TORRE:  She hasn't ended the
11   deposition yet.  We can't go yet.
12                     MS. HROM:  So I -- we can allow the
13   record to run.  I'm still going to take a break to
14   gather my notes, and I'll see you back in a few
15   minutes, Mr. Thomas.
16                     THE WITNESS:  Again, I'm not
17   consenting to some break.  If you don't have any
18   questions, what, am I supposed to sit here?
19                     THE VIDEOGRAPHER:  Are you agreeing
20   to go off the record as well?
21                     THE WITNESS:  No, I -- what is this?
22                     MS. TORRE:  Well, I understand if
```

Page 24

```
 1   she wants to take a break to review her notes before
 2   she concludes, I mean, that's, you know, customarily
 3   she's within her time.  She has two hours.  I can't
 4   stop her.  I have no mechanism to stop her from
 5   doing that.
 6                    THE VIDEOGRAPHER:  The reason I ask
 7   is the Rules of Civil procedure say I have to --
 8   counsel have to agree to go off the record, so...
 9                    THE WITNESS:  I don't agree.  She's
10   just wasting time.  She has nothing else to ask.
11   She's literally waste everybody's time.  I don't
12   agree to her doing that.
13                    THE VIDEOGRAPHER:  Okay.
14                    MS. TORRE:  But we can stay on the
15   record.
16   (PAUSE in the proceedings from 12:26 p.m. until
17   12:28 p.m.)
18   (The witness walked away from the video.)
19   (Ms. Hrom returned to the videoconference.)
20   (The witness returned to the videoconference.)
21                    THE WITNESS:  We're still on the
22   record.  Any more questions?
```

1                    MS. HROM:  All right.  I have

2     reviewed my notes.  I would just like to, for the

3     record, note that the questions that we asked today

4     were the questions that were included in our Motion

5     to Compel.  The Court granted the Motion to Compel

6     on these topics.  So we asked the questions that the

7     Court has compelled Mr. Thomas to provide testimony

8     about.

9                    Mr. Thomas has refused to answer,

10    and we'll be moving for sanctions and any other

11    relief to which we're entitled under the law.

12                    THE WITNESS:  Is that it?

13                    MS. HROM:  I have no further

14    questions.

15                    THE WITNESS:  Thank you for your

16    time.

17                    THE VIDEOGRAPHER:  All right.  The

18    time is 12:28 p.m.  This concludes today's testimony

19    given by Mr. Jeffrey Thomas Jr.

20                    We're now off the record.

21    (CONCLUDED, 12:28 p.m.)

22

Page 26

1              ACKNOWLEDGMENT OF DEPONENT

2

3          I have read the foregoing transcript of

4    my deposition and except for any corrections or

5    changes noted on the errata sheet, I hereby

6    subscribe to the transcript as an accurate record

7    of the statements made by me.

8

9          _____

10              JEFFREY THOMAS JR.

11

12          SUBSCRIBED AND SWORN before and to me

13    this __16__ day of __March_____, 2021__ .

14

15

16                    _____

17                          NOTARY PUBLIC

18

19

20    My Commission expires:

21

22

Page 27

1                  CERTIFICATE OF COURT REPORTER

2

3          I, Marjorie Peters, Fellow of the Academy of

4     Reporting, Registered Merit Reporter, Certified

5     Realtime Reporter, Notary Public the Commonwealth of

6     Virginia, before whom the foregoing deposition was

7     taken, do hereby certify that the foregoing

8     transcript is a true and correct record of the

9     testimony given; that said testimony was taken by me

10    stenographically and thereafter reduced to

11    typewriting under my direction and that I am neither

12    counsel for, related to, nor employed by any of the

13    parties to this case and have no interest, financial

14    or otherwise, in its outcome.

15          I further certify that signature was not

16    waived by the witness.

17

18          IN WITNESS WHEREOF, I have hereunto set my

19    hand this 11th day of March, 2021.

20

21
      Marjorie Peters, FAPR, RMR, CRR

22    My Commission expires on August 31, 2024.

Page 28

1                       E R R A T A   S H E E T

2        IN RE:   JEFFREY THOMAS, JR. vs. CRYSTAL MORELAND

3        DATE:    3/5/2021

4        PAGE      LINE     CORRECTION AND REASON

5         20        4        har --    =    harassing me         tr. error

6         20        5        - - or   =    line of               tr. error

7         20        7        was  =    was not               tr. error

8         20        10      "Was that agreement ever signed?"        punctuation

9        _____     _____    _____

10       _____     _____    _____

11       _____     _____    _____

12       _____     _____    _____

13       _____     _____    _____

14       _____     _____    _____

15       _____     _____    _____

16       _____     _____    _____

17       _____     _____    _____

18       _____     _____    _____

19       _____     _____    _____

20

21       March 16, 2021        Jeffy Thomas Jr.

22       (DATE)               JEFFREY THOMAS JR.

| **&** |
|---|
| **&**   3:9 |

| **0** |
|---|
| **0800**   1:6 5:9 |

| **1** |
|---|
| **11737**   27:21 |
| **11th**   27:19 |
| **12:07**   1:12 2:10 5:3 |
| **12:26**   24:16 |
| **12:28**   24:17 25:18 25:21 |
| **16**   23:4 |
| **17**   23:3 |
| **18**   1:6 5:9 |

| **2** |
|---|
| **20**   26:13 |
| **20005**   3:10 |
| **2016**   9:22 11:2 12:4,10,20 13:3,12 13:18 14:4 |
| **2017**   14:8,19 15:1 15:7,21 16:3,6,13 16:20 17:18 18:1 18:19 19:1,9 |
| **2018**   20:16 21:7,15 21:20 |
| **202-434-5296**   3:11 |
| **2021**   1:12 2:9 5:4 27:19 |
| **2024**   27:22 |
| **20814**   3:4 |
| **26**   4:5 |
| **27**   4:6 |
| **28**   4:7 |

| **3** |
|---|
| **3/5/2021**   28:3 |
| **30**   2:5 |

| **31**   27:22 |
|---|
| **35,000**   16:9,14,20 |
| **350,000**   12:20 13:2 13:11 |

| **4** |
|---|
| **4800**   3:4 |

| **5** |
|---|
| **5**   1:12 2:9 5:3 |
| **50,000**   16:7 17:19 |
| **57**   23:4 |

| **6** |
|---|
| **6**   4:4 |

| **7** |
|---|
| **725**   3:9 |

| **a** |
|---|
| **abide**   17:2,8 |
| **able**   8:1 14:15 |
| **academy**   27:3 |
| **accepted**   15:8,21 16:4,13,19 |
| **access**   8:10 |
| **account**   19:2,5,6 |
| **accurate**   26:6 |
| **acknowledgment** 4:5 26:1 |
| **action**   1:5 21:3,7 21:10,19 |
| **affiliate**   17:19 20:2 |
| **affiliated**   18:1,19 19:20 |
| **affiliates**   12:20 13:3,12 14:10,21 15:3 19:12 |
| **affiliations**   5:15 |
| **afternoon**   5:2 6:16 |
| **agree**   24:8,9,12 |
| **agreeing**   23:19 |

| **agreement**   11:21 16:10,11,17 18:6,6 20:10,11 |
|---|
| **ahead**   17:6 |
| **ahrom**   3:10 |
| **alcohol**   8:2 |
| **allow**   23:12 |
| **allowable**   17:1 |
| **amount**   17:15 |
| **animal**   16:8 21:2,6 21:10,19 |
| **anna**   3:8 6:1 12:22 13:4,13,19 14:11 20:15 22:10 |
| **anonymous**   20:18 20:22 21:9,11,18 |
| **answer**   6:18 7:8 8:1,4 10:17 11:8 12:13 13:8,10 14:3,15,22 15:4,13 15:15,16,20 16:1,5 16:16,18 17:7 18:11,21 19:4,7,10 19:13,17,21 22:3,5 22:11 25:9 |
| **answered**   10:16 12:16 |
| **answering**   13:16 17:9,14,17,21 18:3 |
| **appearances**   5:15 |
| **arrangement**   10:8 12:7,18 13:22 14:2,17 16:12 20:12 21:5 |
| **arrangements** 10:5 |
| **asked**   25:3,6 |
| **asking**   10:14 17:4 |
| **attorney**   17:6 |
| **august**   21:7,15,20 27:22 |

| **b** |
|---|
| **b**   4:9 |
| **back**   11:19 17:12 23:14 |
| **badgered**   14:5 |
| **badgering**   20:4 |
| **baffling**   17:3 |
| **believe**   18:14,15 |
| **bethesda**   3:4 |
| **brazenly**   22:10 |
| **break**   8:14,14 22:14 23:13,17 24:1 |
| **briefly**   22:14 |
| **brokerage**   19:2,5 |
| **bruce**   20:16 |
| **burt**   19:2,5 |

| **c** |
|---|
| **c**   3:1 5:1 |
| **call**   9:22 11:3 |
| **called**   2:3 |
| **campaign**   16:8 |
| **carl**   3:8 6:3 |
| **case**   5:9 8:19 27:13 |
| **certificate**   4:6 27:1 |
| **certified**   2:7 27:4 |
| **certify**   27:7,15 |
| **changes**   26:5 |
| **charitable**   21:8 |
| **charity**   22:8 |
| **chase**   7:21 |
| **check**   12:4,10 |
| **circle**   11:19 |
| **civil**   1:5 2:5 24:7 |
| **clear**   13:9 15:19 19:17 |
| **colleague**   6:3 |

**columbia**  1:2 5:8
**commission**  26:20
  27:22
**commonwealth**
  2:8 27:5
**compel**  25:5,5
**compelled**  25:7
**comply**  18:13
**concerns**  10:4
**concluded**  25:21
**concludes**  21:22
  24:2 25:18
**conducted**  7:11
**confidential**  8:20
  8:21 9:2
**confidentiality**
  16:9
**confirm**  21:17
**confirmed**  8:10
**connected**  18:5
**connolly**  3:9 6:2,4
**consent**  22:16,18
**consenting**  23:17
**consider**  9:17
**context**  11:16
  18:12
**continued**  19:19
**contribution**
  21:12
**copy**  9:8
**correct**  7:5,14 8:5
  8:11 10:2 11:5
  12:5,11,21 13:3,12
  14:10,21 15:3,8,22
  16:4,9,15 17:10,16
  19:9,20 20:19
  21:20 27:8
**correction**  28:4
**corrections**  26:4
**correctly**  18:17

**counsel**  5:14,18
  6:13 24:8 27:12
**couple**  21:3
**court**  1:1 5:8,12
  6:7 7:18 8:8 12:16
  13:6,7,13,19 14:1
  14:6,7 16:22 17:5
  18:8,13 19:14
  20:5 25:5,7 27:1
**court's**  10:3,21
  12:8 15:6,17
  18:16 22:1,11
**covered**  18:8,16
**crr**  1:19 27:21
**crystal**  1:7 2:3 5:6
  6:2 28:2
**currently**  22:4
**customarily**  24:2
**cut**  7:21
**cv**  1:6 5:9

**d**

**d**  4:1,9 5:1
**d.c.**  3:10
**damages**  18:15
**date**  21:21 28:3,22
**day**  26:13 27:19
**days**  8:21
**dedicated**  20:17
**defendant**  1:8 2:3
  3:7 5:7 6:2,5
**deponent**  4:5 26:1
**deposed**  7:5
**deposition**  1:11
  2:2 5:4 7:11 8:20
  8:22 9:5 10:4,11
  10:19 11:7,22
  17:2 20:6,8 22:1,6
  23:11 26:4 27:6
**diane**  3:3 5:17 9:7
**directed**  17:15

**direction**  27:11
**discuss**  10:1 11:4
**discussed**  14:9,20
  15:2
**discussion**  20:6
**district**  1:1,2 5:8,8
**doing**  7:1 24:5,12
**donate**  13:18 16:7
  17:22 18:18
**donated**  12:19
  13:2,11 14:4
  17:19
**donating**  19:12
**donation**  10:4,7
  11:21 12:17 13:22
  14:2,16 16:11
  20:1,12
**donations**  10:1
  11:4 14:10,21
  15:3,8,21 16:4
  19:19
**donor**  20:18,22
  21:9,11,18
**drugs**  8:2
**dseltzer**  3:5
**duly**  6:10

**e**

**e**  3:1,1 4:1,9,9 5:1
  5:1 28:1,1,1
**employ**  20:19
**employed**  21:10
  22:4 27:12
**employment**  10:4
  10:6,7,18 11:20
  12:7,17 13:22
  14:2,16 16:12,14
  16:20 18:5,7
  20:12,20
**ended**  23:10
**entitled**  25:11

**errata**  4:7 26:5
**esquire**  3:3,8,8
**everybody**  6:22
**everybody's**  24:11
**examination**  2:4
  4:2 6:14
**examined**  6:11
**example**  8:1
**exchange**  16:8
**excuse**  10:3
**execution**  13:21
**exhibit**  4:10 8:8
**exhibits**  4:11 8:8
**expired**  9:3
**expires**  26:20
  27:22
**extremely**  10:19

**f**

**f**  4:9
**fact**  10:10 20:9
**fapr**  1:19 27:21
**farm**  16:8
**federal**  2:5
**fellow**  27:3
**filed**  5:7
**financial**  27:13
**fine**  8:16
**firm**  3:3
**first**  6:10 7:4 9:21
  10:5 11:18
**follow**  19:15
**following**  15:17
**follows**  6:11
**food**  20:18,21
**force**  7:13
**foregoing**  26:3
  27:6,7
**formation**  13:21
**forward**  11:13
**foundation**  11:12

**fourth** 20:3
**francis** 3:14 5:10
**friday** 1:12 2:9
**friedrich** 20:16
**fully** 7:8
**fund** 20:20
**funded** 10:6,18
12:7
**funding** 20:17
21:9
**further** 22:21
25:13 27:15

**g**

**g** 5:1
**gather** 22:14
23:14
**gestures** 8:5
**give** 22:8
**given** 25:19 27:9
**gloria** 20:10
**go** 11:18 17:6
22:13,18 23:11,20
24:8
**goes** 18:15
**going** 5:3 6:16,19
8:18 11:14 13:1,8
14:11,12,22 16:16
17:7,8 18:4,21
19:4,7,10,13 23:13
**good** 5:2 6:16
20:18,21
**granted** 25:5
**group** 22:7
**guess** 9:7 22:22

**h**

**h** 4:9 28:1
**hampden** 3:4
**hand** 27:19
**happy** 6:18 9:11
10:17,20 13:5

**har** 20:4
**harassed** 15:4
**hear** 21:16
**help** 11:16
**hereunto** 27:18
**highly** 8:21
**hold** 9:16
**hours** 24:3
**hrom** 3:8 4:4 6:1,1
6:15 9:7,10,14,16
9:20 11:17 12:1
16:12 18:9,14
22:18,22 23:6,9,12
24:19 25:1,13
**hslf** 16:14,20
17:15 19:8,11,19
**hsus** 12:20 13:3,11
13:18 14:4,10,21
15:3 17:19,22
18:19 19:3,12,19
20:2
**hsus's** 16:8
**humane** 10:1 11:4
12:4,11

**i**

**important** 7:18
**included** 25:4
**instances** 21:4
**institute** 20:18,21
**interest** 27:13
**introduce** 8:7
**involve** 14:16
**irby** 21:8,20
**irrelevant** 13:7
14:12 15:5,10,13
15:16 16:2,5,16
17:5 18:22 20:5
22:2

**j**

**j** 3:8
**january** 14:8,19
15:1,7,20 16:3,6
**jeffrey** 1:4,11 2:2
4:3 5:5,6,18 6:9
25:19 26:10 28:2
28:22
**joined** 6:3
**jr** 1:4 4:3 5:5,6 6:9
25:19 26:10 28:2
28:22
**judge** 7:13 17:3,8
**july** 20:16
**jump** 6:17
**june** 9:21 11:2
**jury** 7:14

**k**

**keep** 10:14 17:4
**kelly's** 17:8
**know** 6:19 8:13,14
9:9 10:9,13 11:14
11:15 13:6 15:15
18:6,7,11 20:13
21:5 24:2

**l**

**lane** 3:4
**large** 14:9,20 15:2
15:8,21 16:4
**law** 3:3 25:11
**legal** 3:14 5:11,13
**limited** 10:19 20:6
**line** 28:4
**literally** 16:22
24:11
**llp** 3:9 6:2
**located** 2:8

**m**

**march** 1:12 2:9
5:3 27:19
**marjorie** 1:19 2:6
5:12 27:3,21
**marked** 8:20
**marty** 21:8,13,19
**matter** 5:5
**md** 3:4
**mean** 9:13 15:14
17:3 19:14 24:2
**mechanism** 24:4
**medication** 8:2
**mentioned** 21:6
22:6
**merit** 2:6 27:4
**metz** 3:8 6:3
**mind** 6:21 7:1
**minutes** 23:3,4,15
**money** 19:12 22:8
**months** 21:3
**moorehead** 5:7
**morehead** 5:20
**moreland** 1:7 2:4
5:19,22 6:3 28:2
**motion** 25:4,5
**move** 11:13
**moving** 25:10

**n**

**n** 3:1 4:1,9 5:1
**n.w.** 3:9
**name** 5:10
**need** 8:4,13 9:17
**needs** 18:12
**negotiation** 13:21
**neither** 27:11
**never** 16:10 20:11
**nope** 22:20
**notary** 2:7 26:17
27:5

**note**   8:18 25:3
**noted**   26:5
**notes**   22:14 23:14
   24:1 25:2
**november**   19:9
**number**   5:9

**o**

**o**   4:9 5:1
**oath**   7:8
**object**   18:4
**october**   11:10 12:3
   12:10
**offer**   16:13,19
**offered**   20:20 21:4
**okay**   5:21 9:10
   10:12 12:13 13:9
   16:18 17:9 18:9
   20:1,22 21:12
   23:6 24:13
**once**   7:5
**opportunity**   18:7
   22:7
**order**   8:19 10:21
   12:8 13:14,19
   14:1,6,7 15:6,17
   17:1,6 18:8,13,16
   19:14 22:11
**organizations**
   17:20 18:1,19
   19:20 20:2
**outcome**   27:14

**p**

**p**   3:1,1 5:1
**p.m.**   1:12 2:10 5:3
   24:16,17 25:18,21
**pacelle**   9:22 11:3
   14:9,20 15:7,21
   16:7
**page**   4:2,10 6:19
   28:4

**part**   22:10
**parties**   27:13
**patronize**   17:13
**paul**   15:1 16:3
**pause**   24:16
**pay**   21:19
**pending**   8:15 12:2
**people**   22:7
**peters**   1:19 2:6
   5:12 27:3,21
**plaintiff**   1:5 3:2
   5:6
**please**   5:14 6:12
   17:13 22:15
**point**   23:2
**portions**   8:19
**potential**   10:1
   11:4 14:9,20 15:2
**prepare**   9:5
**present**   3:13
**presumptively**   9:2
**prior**   17:18 18:1
   18:20
**probably**   21:21
**problem**   14:7
**procedure**   2:5
   24:7
**proceed**   6:8,12
**proceedings**   24:16
**proffer**   11:12
**proposed**   16:6
**protective**   8:19
**provide**   25:7
**public**   2:7 26:17
   27:5
**purposes**   8:17
**pursuant**   2:4 8:18
   10:20
**put**   15:9

**q**

**question**   7:4 8:14
   9:21 11:1,2,6,8
   12:2,3,9,14,19
   13:1,10,16,17 14:3
   14:13,22 15:15,20
   16:19 17:10,11,14
   17:17,21 18:3,12
   18:15,21,22 19:4,7
   19:10,13,17 20:9
   22:5
**questioning**   7:2
**questions**   6:17,18
   7:8 10:8,14,16,20
   11:18 12:16,22
   13:8 14:12 15:5
   15:10,16 16:2,5,17
   17:5 20:5,13,14
   22:3,21 23:18
   24:22 25:3,4,6,14
**quit**   20:4

**r**

**r**   3:1 5:1 28:1,1
**read**   6:21 9:11,17
   12:8 13:13 16:22
   17:11 18:17 26:3
**reading**   13:19
**realtime**   2:7 27:5
**reason**   7:22 24:6
   28:4
**reasons**   12:15
**receipt**   8:22
**receive**   17:16
**record**   5:3,16 8:9
   8:18 9:15,18 13:9
   13:15 15:14,19
   17:1 19:16 22:13
   22:19 23:2,13,20
   24:8,15,22 25:3,20
   26:6 27:8

**recorded**   1:11 2:2
   5:4
**recorder**   15:9
**reduced**   27:10
**reflect**   13:15
**refuse**   15:4,16
   16:1,5
**refused**   17:2 25:9
**refusing**   11:8
   12:13 13:10 14:3
   15:15,20 16:18
   19:17
**regards**   12:17
**registered**   2:6
   27:4
**relate**   13:20
**related**   10:8 20:13
   20:14 27:12
**relevant**   10:15
   11:6,13,15 12:6,12
   12:17,22 20:15
   22:1
**relief**   25:11
**remember**   22:9
**remote**   1:10 2:1
   5:4 7:17,18
**remotely**   7:12
**repeat**   13:1 14:13
   14:18 18:16
**reported**   1:19
**reporter**   2:6,7 4:6
   5:12 6:7 7:18 27:1
   27:4,5
**reporter's**   8:8
**reporting**   27:4
**representation**
   21:18
**request**   20:3
**respect**   14:6
**returned**   24:19,20

review  24:1
reviewed  25:2
richmond  1:13 2:9
right  8:17 9:12,19
   10:22 11:10,17
   12:2 13:15 18:12
   18:14 21:6,21
   22:12,22 25:1,17
rmr  1:19 27:21
rsa  1:19
rule  2:5
rules  24:7
ruling  17:8
run  23:13

**s**

s  3:1 4:9 5:1 28:1
salary  16:9,14,21
   17:16 21:19
sanctions  25:10
save  6:22
saying  18:10
says  13:20 14:1
   17:3
second  10:5,17
seconds  23:5
secured  20:17
   21:8
see  23:14
seen  20:8
self  10:6,18 11:20
   12:7 20:20
seltzer  3:3,3 5:17
seltzerlawfirm.c...
   3:5
sent  12:4,10
sentence  19:14
seriously  15:12
set  27:18
seven  8:21
shapiro  15:2 16:3

sharing  8:8
sheet  4:7 26:5
short  16:22
sic  5:7
signature  27:15,21
signed  16:11 20:10
   20:11
sit  23:18
society  10:1 11:4
   12:4,11
solomon  3:14 5:10
solutions  5:11,13
sort  21:5
spin  10:9
started  6:22
state  5:15
statement  9:6,8
statements  26:7
states  1:1 5:8
stay  24:14
stenographically
   27:10
stock  19:1
stop  19:12 24:4,4
street  3:9
subscribe  26:6
subscribed  26:12
suggest  15:17
supposed  23:18
sure  18:17 19:16
   22:2
swear  6:7
sworn  6:10 26:12
system  8:9,10

**t**

t  4:9 28:1,1
take  22:14 23:13
   24:1
taken  2:4 5:5 27:7
   27:9

talk  7:19 10:13,20
   13:5,6,7
talked  10:10 11:22
   20:8
tape  15:9
telephone  9:22
   11:3
tell  23:1
terminated  19:8
   19:18
termination  17:18
   18:2,20 19:11,18
testified  6:11
testifying  7:13
testimony  22:9
   25:7,18 27:9,9
thank  23:6,7 25:15
thing  6:20 13:5
   14:18 21:2
things  11:13
think  5:19,19 7:3
   9:14 11:17 18:13
third  20:3
thomas  1:4,11 2:2
   4:3 5:5,6,18 6:9
   6:16 9:4 18:18
   19:2,5 23:15 25:7
   25:9,19 26:10
   28:2,22
thought  5:21
time  5:14 6:6,22
   7:2 8:7,7 9:2 20:4
   23:1,8 24:3,10,11
   25:16,18
times  13:4 14:17
tjk  1:6 5:9
today  5:12 7:2,9
   7:19 8:1 9:5 25:3
today's  25:18
told  16:17 19:21
   20:7,10,16 21:8

topic  10:5,18 22:1
topics  13:20 25:6
torre  3:3 5:17,17
   9:9,13,19 11:11
   18:4,10 23:10,22
   24:14
total  13:17
transcript  8:20,22
   9:1 26:3,6 27:8
transfer  19:2
treated  9:1
true  27:8
truthfully  7:9 8:1
try  22:2
twelfth  3:9
two  21:4,22 24:3
typewriting  27:11

**u**

understand  7:7,12
   7:20 8:4,15 11:1
   11:21 17:12 23:22
united  1:1 5:7

**v**

veritext  5:11,13
versus  5:6
video  1:11 2:2 5:4
   24:18
videoconference
   1:10 2:1 24:19,20
videographer  3:14
   5:2,11,21 6:6,12
   23:1,4,19 24:6,13
   25:17
violate  14:6
violation  15:5 17:5
virginia  1:13 2:8,9
   27:6
volunteer  22:7
vs  1:6 28:2

| w |
| --- |
| **waived**  27:16 |
| **walked**  24:18 |
| **want**  10:10 13:4 |
| 14:6 17:4,11 |
| 21:17 |
| **wants**  13:6,7 24:1 |
| **washington**  3:10 |
| **waste**  24:11 |
| **wasting**  24:10 |
| **wayne**  9:22 11:3 |
| 14:8,19 15:7,21 |
| 16:6 |
| **wc.com**  3:10 |
| **we've**  7:15 |
| **welcome**  10:15 |
| **wellness**  21:3,7,10 |
| 21:19 |
| **went**  8:9 |
| **wheels**  10:9 |
| **whereof**  27:18 |
| **williams**  3:9 6:2,4 |
| **witness**  2:3,8 6:7 |
| 6:10 9:11,15 |
| 13:16 22:16,20 |
| 23:3,7,16,21 24:9 |
| 24:18,20,21 25:12 |
| 25:15 27:16,18 |
| **words**  8:5 |
| **wrote**  9:6 |

| x |
| --- |
| **x**  4:1,9,9 |

| y |
| --- |
| **yeah**  21:21 |
| **year**  16:8,14,20 |

Federal Rules of Civil Procedure

Rule 30


(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the
deponent or a party before the deposition is
completed, the deponent must be allowed 30 days
after being notified by the officer that the
transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to
sign a statement listing the changes and the
reasons for making them.

(2) Changes Indicated in the Officer's Certificate.
The officer must note in the certificate prescribed
by Rule 30(f)(1) whether a review was requested
and, if so, must attach any changes the deponent
makes during the 30-day period.



DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES
ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.
THE ABOVE RULES ARE CURRENT AS OF APRIL 1,
2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES
OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted
fashion to authenticated parties who are permitted to
access the material. Our data is hosted in a Tier 4
SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and
State regulations with respect to the provision of
court reporting services, and maintains its neutrality
and independence regardless of relationship or the
financial outcome of any litigation. Veritext requires
adherence to the foregoing professional and ethical
standards from all of its subcontractors in their
independent contractor agreements.

Inquiries about Veritext Legal Solutions'
confidentiality and security policies and practices
should be directed to Veritext's Client Services
Associates indicated on the cover of this document or
at www.veritext.com.