**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY THOMAS,

      *Plaintiff*,

    v.

CRYSTAL MORELAND,

      *Defendant*.

Civil Action No. 18-800 (TJK)

<u>**MEMORANDUM OPINION**</u>

Following Plaintiff Jeffrey Thomas's violation of a discovery order, Defendant Crystal Moreland moved for sanctions. The Court granted that motion and referred Moreland's supplemental motion for reasonable expenses, including attorneys' fees, to a magistrate judge for a report and recommendation—R & R, for short—on the award amount. Magistrate Judge Meriweather prepared an R & R recommending that the Court award Moreland $14,829.20 in such expenses. Thomas partially objects to the R & R. The Court agrees in part with one of Thomas's objections but otherwise finds no error that would warrant the R & R's rejection or modification. Thus, the Court will sustain in part and overrule in part Thomas's partial objections, adopt in part and modify in part the R & R, grant in part and deny in part Moreland's supplemental motion, and award Moreland $14,689.70 in reasonable expenses.

## I.    Background

The Court assumes familiarity with the background of this case. *See* ECF No. 156 at 2–4. As relevant here, on January 26, 2021, the Court granted Moreland's motion to compel testimony and ordered Thomas to sit for a second deposition to answer questions that he had refused to answer during his first deposition. *See* ECF No. 46 at 2, 7; ECF No. 68 at 1. During the second

deposition, Thomas again refused to answer most of those questions. *See* ECF No. 80 at 3–5; ECF No. 80-2. For this reason, Moreland moved for sanctions under Federal Rule of Civil Procedure 37(b)(2). *See* ECF No. 80. For relief, she requested an award of reasonable expenses including attorneys' fees; dismissal of the case; and, in the alternative to dismissal, a limitation on the damages Thomas could seek. *See id.* at 6–7, 9–12. During a combined hearing on this motion and another matter on April 16, 2021, the Court granted Moreland's motion for sanctions. *See* Minute Order of March 18, 2021; Minute Entry of April 16, 2021; ECF No. 92 at 3–7. For relief, the Court ordered Thomas to pay Moreland's reasonable expenses including attorneys' fees and prohibited him from seeking certain damages, but the Court declined to dismiss the case. *See* ECF No. 92 at 3–7; *see also* Fed. R. Civ. P. 37(b)(2). The Court also ordered Moreland to file a supplemental motion on the specific amount she sought in expenses as a sanction. *See* ECF No. 92 at 38–39; Minute Order of April 21, 2021. Moreland requested $18,135.00 in attorneys' fees and $1,530.20 in costs for a total award of $19,665.20. *See* ECF No. 93 at 1. Thomas responded, challenging aspects of both the claimed attorneys' fees and the costs as well as arguing that Moreland should be awarded, at most, no more than about $5,500.00 in total. *See* ECF No. 94 at 18.

The Court referred the matter to a magistrate judge for an R & R. *See* ECF Nos. 93–94; Minute Order of June 3, 2021; *see also* LCvR 72.3(a)(7). Magistrate Judge Meriweather then prepared one, recommending that the Court grant in part Moreland's supplemental motion and award her $13,299.00 in attorneys' fees and $1,530.20 in costs for a total award of $14,829.20. *See* Docket Entry of June 3, 2021; ECF No. 156 at 1–2. Thomas partially objects to the R & R. *See* ECF No. 160; *see also* ECF No. 156 at 20; LCvR 72.3(b). Moreland argues that the R & R should be adopted in full. *See* ECF No. 165 at 5.

## II.     Legal Standard

A party may file "specific written objections" to a magistrate judge's R & R.  *See* Fed. R. Civ. P. 72(b)(2); LCvR 72.3(b).  The Court "must determine de novo any part of the magistrate judge's" R & R to which a proper objection is made.  Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c).  The Court reviews only for clear error any part of the magistrate judge's R & R that is not objected to, that is objected to merely in "general" and "conclusory" fashion, or that is objected to in a manner that simply rehashes the party's "original arguments."  *See IMAPizza, LLC v. At Pizza Ltd.*, No. 17-cv-2327 (TJK) (GMH), 2021 WL 3168132, at *2 (D.D.C. July 27, 2021); *Wu Xiaofeng v. Pompeo*, No. 15-cv-1040 (EGS), 2019 WL 1697868, at *5 (D.D.C. Apr. 17, 2019).  "Clear error exists only when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *Momoh v. Osayande*, 564 B.R. 1, 3 (D.D.C. 2017) (internal quotation marks omitted).  Also, when objecting to an R & R, "the parties may not present new issues or arguments to the district judge."  *IMAPizza, LLC*, 2021 WL 3168132, at *2 (internal quotation marks omitted); *see also Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997).  The Court "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3).

## III.     Analysis

In the R & R, Judge Meriweather recommended awarding Moreland $13,299.00 out of the $18,135.00 she requested in attorneys' fees and all the $1,530.20 that she requested in costs, for a total award of $14,829.20.  *See* ECF No. 93 at 1; ECF No. 156 at 20.  Thomas objects to several recommendations related to the attorneys' fees calculation, but he does not object to the costs-related recommendations.  *See* ECF No. 160.  The Court agrees in part with one of Thomas's objections but finds no error otherwise in the R & R that would warrant its rejection or modification, so it will award Moreland $14,689.70 in total.

### A.    The Court Will Award Moreland $13,159.50 in Attorneys' Fees

Judge Meriweather recommended awarding Moreland $13,299.00 in attorneys' fees. ECF No. 156 at 17–18. She reached that figure by counting 28.6 hours out of 39.0 hours that Moreland's attorney Anna Hrom—an attorney at Williams & Connolly LLP based in Washington, D.C.—claimed she worked because of Thomas's violation, then multiplying those 28.6 hours by a $465.00 hourly rate for Ms. Hrom. ECF No. 156 at 5, 17–18; *see also* ECF No. 93-1 ¶¶ 1, 4. Thomas raises several objections to both the hours counted and the hourly rate, and he argues that the ultimate total should be reduced because of mitigating factors. The Court finds that 28.3 of the recommended 28.6 hours should be counted, that the $465.00 hourly rate is reasonable, that the reasonable attorneys' fees thus total $13,159.50, and that Moreland should be awarded this total amount without reduction.

"Attorneys' fees awarded for a violation of Rule 37 are calculated using the lodestar method: a reasonable hourly rate multiplied by a reasonable number of hours expended." *CFTC v. Trade Exch. Network Ltd.*, 159 F. Supp. 3d 5, 7 (D.D.C. 2015). The amount dictated by this formula is the "lodestar." *See Hartman v. Pompeo*, No. 77-cv-2019 (APM), 2020 WL 6445873, at *5 (D.D.C. Nov. 3, 2020). Once this figure is calculated, the Court "may adjust it upward or downward based on the circumstances of the case." *Steven R. Perles, P.C. v. Kagy*, No. 01-cv-105 (AK), 2007 WL 9813124, at *8 (D.D.C. Nov. 14, 2007); *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 240 (D.D.C. 2011); *see also Hissom v. N.Y.C. Dep't of Hous. Pres. & Dev. of N.Y.*, No. 86 Civ. 2340, 1987 WL 45807, at *7 (S.D.N.Y. Dec. 22, 1987) (identifying "mitigating factors" as a basis for a reduction).

Moreland bears the burden of establishing the reasonableness of her proposed lodestar figure. *See Trade Exch. Network Ltd.*, 159 F. Supp. 3d at 8. The reasonableness of Moreland's

proposed hourly rate turns on Ms. Hrom's usual billing practices; Ms. Hrom's skill, experience, and reputation; and the prevailing market rates in the relevant community for attorneys of reasonably comparable skill, experience, and reputation. *See id.*; *Vollman v. DOJ*, No. 12-cv-939 (FYP), 2022 WL 1124814, at *6 (D.D.C. Apr. 14, 2022). And the hours claimed for Ms. Hrom must be "reasonable in light of the circumstances" and worked because of Thomas's violation. *See Trade Exch. Network Ltd.*, 159 F. Supp. 3d at 8; *Cobell v. Babbitt*, 188 F.R.D. 122, 127 (D.D.C. 1999). Once the reasonable hourly rate and reasonable number of hours are determined and calculated to get the lodestar figure, Thomas then bears the burden of establishing that a reduction from the lodestar is warranted. *See Steven R. Perles, P.C.*, 2007 WL 9813124, at *8. Ultimately, in deciding the amount to award, the Court must remember that "the goal of attorney's fees awards is 'rough justice.'" *Feld v. Fireman's Fund Ins.*, No. 12-cv-1789 (JDB), 2020 WL 1140673, at *8 (D.D.C. Mar. 9, 2020) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Thus, the Court "should not" become a "green-eyeshade accountant[]" and need not "achieve auditing perfection" in calculating the attorneys' fees to be awarded. *See Fox*, 563 U.S. at 838.

In her supplemental motion, Moreland requested $18,135.00 in attorneys' fees. *See* ECF No. 93 at 1. She arrived at this figure by proposing a $465.00 hourly rate for Ms. Hrom derived from the Legal Services Index ("LSI") *Laffey* matrix multiplied by 39.0 hours—consisting of 13.8 hours for deposition-related work, 20.7 hours for researching and drafting the sanctions motion as well as the reply to it, and 4.5 hours for hearing preparation and attendance—that Ms. Hrom ostensibly worked because of Thomas's violation. *See id.* at 2–4; ECF No. 93-1.[1] Thomas challenged the rate, the hours, and the ultimate lodestar figure, arguing that: (1) the proposed hourly

---

[1] The *Laffey* matrix first came to be in the 1980s, and it has been a popular tool with litigants in this Circuit to show what is a reasonable hourly rate when seeking to recover attorneys' fees. *See*

rate was too high because *Laffey* matrix rates apply only in "complex federal litigation," which

this case is not; (2) even assuming a *Laffey* matrix rate applied, the USAO *Laffey* matrix should

apply; (3) for either matrix, the proposed hourly rate was too high in light of Ms. Hrom's limited

qualifying experience; (4) 10.4 hours of the 13.8 hours claimed for deposition-related work should

not count because they reflected deposition-preparation work performed before Thomas violated

the Court's order; (5) only a fraction of the 4.5 hours claimed for sanctions-hearing preparation

and attendance should count because these hours were not adequately recorded; (6) most of the

20.7 hours claimed for the motion-for-sanctions briefing should not count because many of these

hours were spent on the "unsuccessful" request for dismissal in Moreland's otherwise successful

motion and because this was an unreasonable amount of time to spend on such work; (7) the lode-

star figure should be reduced because some of Ms. Hrom's motion-for-sanctions briefing work

could have been done by paralegals with lower hourly rates; (8) the lodestar figure should be re-

duced because Thomas's violation was inadvertent; and (9) the lodestar figure should be reduced

because Ms. Hrom is inexperienced in "defamation law."  *See* ECF No. 94.

---

*DL v. District of Columbia*, 924 F.3d 585, 588–89 (D.C. Cir. 2019) (discussing the background
and development of the *Laffey* matrix).  The matrix is a table that lists years of experience (or
"years out of law school," *i.e.*, "years of practice, measured from date of graduation") along one
axis and calendar years along the other, and at each coordinate in the matrix it lists a suggested
hourly rate.  *See* USAO Attorney's Fees Matrix—2015–2021, https://www.jus-
tice.gov/file/1461316/download (last accessed June 8, 2022); Laffey Matrix, http://www.laf-
feymatrix.com/see.html (last accessed June 8, 2022).  Over the years, two versions of the *Laffey*
matrix emerged—the "USAO *Laffey* matrix" and the "LSI *Laffey* matrix"—which are updated
with different inflation indices and thus recommend different rates.  *See DL*, 924 F.3d at 589–90.
The USAO *Laffey* matrix generally recommends lower rates than the LSI *Laffey* matrix.  *See id.* at
590.  On the LSI *Laffey* matrix for June 1, 2020, to May 31, 2021—the timeframe when Ms. Hrom
worked on Moreland's motion for sanctions and related matters—the recommended hourly rate is
$378.00 for an attorney with one to three "years out of law school" and $465.00 for an attorney
with four to seven "years out of law school."  *See* Laffey Matrix, http://www.laffeyma-
trix.com/see.html (last accessed June 8, 2022).

In the R & R, Judge Meriweather recommended finding that: (1) *Laffey* matrix rates apply because this case qualifies as "complex federal litigation"; (2) the LSI *Laffey* matrix applied here; (3) Ms. Hrom's proposed $465.00 hourly rate was reasonable, mainly because she had sufficient experience to qualify for the four-to-seven-year rate on the matrix; (4) the 10.4 hours of deposition-related work that Thomas challenged do not count because they reflect work that was done prior to Thomas's violation; (5) all 4.5 hours claimed for sanctions-hearing preparation and attendance count, even if the billing descriptions for this work were not ideally detailed, because 4.5 hours is a reasonable amount of time for such work; (6) all 20.7 hours claimed for motion-for-sanctions briefing count because Moreland's *motion* was successful, even though the Court did not grant one form of *relief* requested in it, and because 20.7 hours is reasonable to spend on such work; (7) the lodestar figure should not be reduced because all of Ms. Hrom's motion-for-sanctions briefing work was typical attorney work that she had no obligation to delegate to paralegals; (8) the lodestar figure should not be reduced because of Thomas's allegedly inadvertent violation; and (9) the lodestar figure should not be reduced because of Ms. Hrom's alleged inexperience in defamation law. *See* ECF No. 156.[2]  Thus, Judge Meriweather recommended finding that 28.6 hours of the claimed 39.0 hours counted and that $465.00 was a reasonable hourly rate for Ms. Hrom, resulting in a lodestar figure of $13,299.00 that did not warrant any reduction. *See id.* at 5, 17–18.

In his partial objections, Thomas objects to four of the R & R's recommended findings about the lodestar calculation: that this case qualifies as "complex federal litigation" warranting *Laffey* matrix rates; that the LSI *Laffey* matrix is the proper *Laffey* matrix to look to here even

---

[2] The R & R did not explicitly recommend this last point, but it did recommend finding that Ms. Hrom had sufficient experience to justify a $465.00 hourly rate without reduction.  *See* ECF No. 156 at 10–11, 17–18.

assuming this case qualifies as "complex federal litigation"; that Ms. Hrom had four to seven years of experience for purposes of determining her reasonable hourly rate on the *Laffey* matrix; and that all 4.5 hours Ms. Hrom said she spent on sanctions-hearing preparation and attendance should be counted. *See* ECF No. 160 at 1–8, 10–12. He also reiterates that a lodestar reduction is warranted because of the "mitigating factors" that his violation was inadvertent and that Ms. Hrom lacks particular experience in defamation law. *Id.* at 9–10. And he asserts additional "mitigating factors" ostensibly warranting a reduction: that Moreland herself has engaged in litigation misconduct and that she "has not actually incurred any legal expenses in this *pro bono* case." *Id.* at 9–10, 12–13. Thomas does not object to the recommendations to count all 20.7 hours claimed for motion-for-sanctions briefing and to refuse to reduce the lodestar based on the delegation-to-paralegals rationale. Moreland does not object to the recommendation that 10.4 hours of the 13.8 hours claimed for deposition-related work should be omitted from the lodestar calculation.

First, the Court will overrule Thomas's objection to finding that this case qualifies as "complex federal litigation" warranting *Laffey* matrix rates. *Laffey* matrix rates apply—and provide a "useful" reference in this Circuit for determining market rates when calculating reasonable attorneys' fees—in cases that qualify as "complex federal litigation." *See Feld*, 2020 WL 1140673, at *6 (internal quotation marks omitted). There is no precise definition for "complex federal litigation," but courts in this district have identified certain "elements that tend to make a case 'complex,'" such as procedural complexity, time-consuming delays, and multiple in-court hearings. *Id.* This case has several such elements—it has been ongoing for more than four years and has been "procedurally very complex, with multiple discovery disputes and hearings," extensive motions practice, and even "a recalcitrant plaintiff" who violated a discovery order. *See id.* at *6–7. In contrast, this case bears little resemblance to those on which Thomas relies. *See, e.g.*, *Muldrow v.*

*Re-Direct, Inc.*, 397 F. Supp. 2d 1, 4 (D.D.C. 2005) (finding a case uncomplicated for *Laffey* purposes where, among other things, the case was "not vigorously litigated," there were "few pre-trial motions," and the case substantially overlapped with "a prior case that raised similar issues"). Thus, the Court agrees that this case qualifies as "complex federal litigation."

Second, the Court will overrule Thomas's objection to applying the LSI *Laffey* matrix rather than the USAO *Laffey* matrix in this case. "[T]he D.C. Circuit has recently confirmed that the applicable matrix for 'complex federal litigation' in D.C. is the LSI Laffey Matrix." *Feld*, 2020 WL 1140673, at *6 (citing *DL*, 924 F.3d at 589). Because this case qualifies as "'complex federal litigation,' the LSI Laffey Matrix is applicable." *Id.* at *8 (citing *DL*, 924 F.3d at 594).

Third, while Thomas's objection to the recommendation to credit Ms. Hrom with four to seven years of experience on the *Laffey* matrix may have some merit, the Court still will overrule it. Thomas argues that some years of experience the R & R recommended crediting to Ms. Hrom—particularly, several months between when Ms. Hrom graduated law school and passed the bar as well as some time after Ms. Hrom passed the bar during when it is not clear that she was actively practicing law—do not qualify as years of experience on the *Laffey* matrix and thus that Ms. Hrom should be credited with only one to three years of experience. *See* ECF No. 160 at 6–8. Thomas may be right. *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 61 (D.D.C. 2013) ("Even though *Laffey* rates are based on years after graduation . . . this Court . . . holds that th[e] calculation does not kick in until the graduate is admitted to a bar . . . ."); USAO Attorney's Fees Matrix—2015–2021 at n.5, https://www.justice.gov/file/1461316/download (last accessed June 8, 2022) ("An adjustment may be necessary . . . if . . . the attorney did not otherwise follow a typical career progression."). If he were, then the LSI *Laffey* matrix would recommend an hourly rate of $378.00 for Ms. Hrom, not $465.00.

9

Even assuming Thomas were right about this, and recognizing that the LSI *Laffey* matrix is "highly useful" in calculating a reasonable rate, it is not "binding in and of [itself]," and the movant may establish a different reasonable rate with other evidence. *See Feld*, 2020 WL 1140673, at *6. An attorney's "'usual billing rate'" is such evidence—indeed, it is often "'presumptively the reasonable rate'" and is very persuasive evidence of what is a reasonable rate. *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 282 F. Supp. 3d 203, 210 (D.D.C. 2017) (quoting *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)); *Mattachine Soc'y of Wash., D.C. v. U.S. DOJ*, 406 F. Supp. 3d 64, 70 (D.D.C. 2019); *see also Feld*, 2020 WL 1140673, at *9. Ms. Hrom attested that Williams & Connolly's "customary rates, including the hourly rates that the firm has billed for [her] time in multiple other defamation matters . . . are higher than those reflected" in the LSI *Laffey* matrix. ECF No. 93-1 ¶ 12; *see also* ECF No. 156 at 11 n.5 (citing ECF No. 93-1 ¶ 12). In other words, the $465.00 hourly rate that the R & R recommended adopting is "lower than the actual rate Williams & Connolly bills for Ms. Hrom's legal services" in cases like this. *See* ECF No. 93 at 4; ECF No. 96 at 1. Thus, particularly bearing in mind that the goal here is "rough justice," *see Feld*, 2020 WL 1140673, at *8 (internal quotation marks omitted), the Court finds the $465.00 proposed rate reasonable.[3]

Fourth, the Court will adopt the unobjected-to recommendation to not count 10.4 of the 13.8 hours claimed for deposition-related work. Judge Meriweather found that these hours were not worked because of Thomas's violation and thus lacked the "near 'but for' relationship" with that violation that is required for them to count in the lodestar calculation. *See Cobell*, 188 F.R.D.

---

[3] The Court also notes that the LSI *Laffey* matrix has been recognized as a "conservative estimate" of market rates. *See Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 65 (D.C. Cir. 2015) (cleaned up).

at 127.  Moreland does not object to this recommendation, and the Court has no "definite and firm conviction" that it is mistaken.  *See Momoh*, 564 B.R. at 3 (internal quotation marks omitted).

Fifth, the Court will sustain in part and overrule in part Thomas's objection to counting in the lodestar calculation all 4.5 hours claimed for sanctions-hearing work.  Without question, Moreland had the burden of submitting "supporting documentation" of "sufficient detail and probative value to enable the court to determine with a high degree of certainty that" these hours "were actually and reasonably expended."  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (cleaned up); *see also Dorsey v. Jacobson Holman, PLLC*, 851 F. Supp. 2d 13, 18 (D.D.C. 2012).  Even so, Moreland did not need to "present the exact number of minutes spent" by Ms. Hrom "nor the precise activity to which each hour was devoted," as Ms. Hrom's billing descriptions "can be read in context, with clarification coming from surrounding billing entries as well as the docket."  *Dorsey*, 851 F. Supp. 2d at 18 (internal quotation marks omitted).  Ms. Hrom claimed 4.5 hours to prepare for and attend the sanctions-related portion of the April 16, 2021 hearing, reflecting "one-half of the hours actually recorded" for hearing-related work, "to account for the fact that" the hearing was a combined hearing and that Ms. Hrom's "preparation for and attendance at the hearing related to" both matters at issue, not just the motion for sanctions.  ECF No. 93-1 ¶ 8.  In support, Ms. Hrom filed records showing that she spent 1.25 hours on April 14 to "[p]repare for hearing," 2.2 hours on April 15 to "[p]repare for hearing," 0.5 hours on April 16 to "[p]repare for hearing," and 0.55 hours on April 16 to "[a]ttend hearing"—each of these entries reflecting half the actual time recorded for that task.  *Id.* at 6.  Moreland asserted that this time was reasonably expended because the Court had instructed that it would hear argument on her motion for sanctions during the hearing and because Ms. Hrom needed to "review multiple prior orders,

filings, and transcripts" and to "prepare to answer the Court's questions about relevant case law" to be ready for oral argument.  ECF No. 93 at 4; Minute Order of March 18, 2021.

The Court will count the 3.95 hours claimed for sanctions-hearing preparation because the Court can make the "independent determination" that these hours "are justified" when considered in context.  *See Dorsey*, 851 F. Supp. 2d at 18 (internal quotation marks omitted).  Such hours are a reasonable amount of time to spend preparing to argue a motion like Moreland's motion for sanctions, for the reasons Moreland argues and Judge Meriweather recognized.  *See* ECF No. 93 at 4; ECF No. 156 at 15.  But the Court will count only 0.25 hours of the 0.55 hours claimed for attending the sanctions-related portion of the hearing.  As Thomas observes, the sanctions-related portion of that hearing was less than half of it—in fact, slightly less than a quarter of that hearing was devoted to the motion for sanctions.  *See* ECF No. 94 at 10–11; ECF No. 160 at 12; *see also* ECF No. 92 at 2–8, 38–39.  Thus, only about 0.25 hours for attending the hearing possess the requisite "near 'but for' relationship" to be counted.  *See Cobell*, 188 F.R.D. at 127.  Thus, the Court will count only 4.2 of the 4.5 hours claimed for sanctions-hearing work.

Sixth, the Court will adopt the unobjected-to recommendation to count all 20.7 hours claimed for motion-for-sanctions briefing work.  Judge Meriweather's reasoning on this issue is persuasive—20.7 hours is a reasonable amount of time to spend on such work, and Thomas's contention that some of the time should not count because it went toward the unsuccessful *request* for dismissal relies on inapt caselaw involving fee-shifting where certain of a litigant's distinct *claims* did not succeed.  *See* ECF No. 156 at 15–16 (discussing, among other things, *Sierra Club v. EPA*, 769 F.2d 796, 801 (D.C. Cir. 1985)).  The Court has no definite and firm conviction that this recommendation is mistaken.

Seventh, the Court will adopt the unobjected-to recommendation to reject Thomas's argument that a reduction in the lodestar is warranted because of Ms. Hrom's failure to delegate some of the motion-for-sanctions briefing work to paralegals.  Again, the Court finds Judge Meriweather's reasoning on this point persuasive.  *See* ECF No. 156 at 17.  The Court has no definite and firm conviction that this recommendation is mistaken.

Eighth, the Court will overrule Thomas's objection that the lodestar should be reduced because his violation was inadvertent.  This contention essentially rehashes Thomas's original argument for why he should not be sanctioned at all for the violation.  *See* ECF No. 92 at 7; *see also* Fed. R. Civ. P. 37(b)(2)(C) (allowing a court not to order payment of the "reasonable expenses, including attorney's fees," incurred because of a discovery violation that "was substantially justified" or that would be "unjust" to sanction in this way).  The Court has already rejected this argument.  *See* ECF No. 92 at 7–8.

Ninth, the Court will overrule Thomas's objection that the lodestar should be reduced because of Ms. Hrom's alleged lack of particular experience in defamation law.  Ms. Hrom's declaration, in which she attested that she has worked on "multiple cases for paying clients in defamation matters" while at Williams & Connolly—a firm with "extensive experience representing clients in defamation matters"—contradicts Thomas's contention.  *See* ECF No. 93-1 ¶¶ 3–4, 12. The Court thus sees no reason to reduce the lodestar on this basis.[4]

---

[4] The Court need not address Thomas's new arguments for a reduction that he raised in his partial objections—that Moreland herself has engaged in litigation misconduct and that she has incurred no legal expenses because she is being represented pro bono. *See IMAPizza, LLC*, 2021 WL 3168132, at *2. Regardless, neither argument has merit. In resolving related issues, the Court has already rejected the first argument. *See* ECF No. 161 at 3–7. And the second argument is unavailing. "[C]ourts have rejected the contention, in situations analogous to Rule 37 sanctions, that [parties] represented on a pro bono basis are not entitled to attorneys' fees" or "should receive a reduced amount." *Nat'l Laws. Guild v. Att'y Gen.*, 94 F.R.D. 616, 618 (S.D.N.Y. 1982); *see also*

Case 1:18-cv-00800-TJK-RMM   Document 171   Filed 06/16/22   Page 14 of 15

Thus, the Court will count 28.3 hours in the lodestar calculation, multiplied by a $465 hourly rate, for a lodestar of $13,159.50. And because no reduction in the lodestar is warranted, the Court will award that amount to Moreland in attorneys' fees.

### B.       The Court Will Award Moreland $1,530.20 in Costs

In her supplemental motion, Moreland requested $1,530.20 in costs related to the second deposition, including stenography and transcription services, virtual exhibit-presentation services, and videography services. *See* ECF No. 93 at 6; ECF No. 93-1 at 6; ECF No. 93-3. Thomas challenged all but $412.20 of these costs, arguing that the costs for exhibit services, videography services, and some of the stenography and transcription services should not be awarded because they were unnecessary. *See* ECF No. 94 at 13–14, 17. Judge Meriweather rejected Thomas's arguments, reasoning that the standard here is the reasonableness rather than necessity of the costs and that the claimed costs were reasonably incurred. *See* ECF No. 156 at 18–20; *accord Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 385 (D.D.C. 2013). Thomas does not object to this recommendation. The Court does not have a definite and firm conviction that it is mistaken.[5] Thus, the Court will award Moreland $1,530.20 in costs.

### IV.       Conclusion

For all these reasons, the Court will sustain in part and overrule in part Thomas's partial objections to the R & R, adopt in part and modify in part the R & R, grant in part and deny in part

---

*Malede v. D.C. Jail Facility*, 252 F.R.D. 63, 65 (D.D.C. 2008). This proposition finds support in *Hamilton v. Ford Motor Co.*, where the D.C. Circuit ordered a Rule 37(b) award of attorneys' fees to go to a party, even though she "had not in fact incurred said expenses," and recognized that the "principal purpose of Rule 37(b) is punitive, not compensatory." *See* 636 F.2d 745, 747, 750 (D.C. Cir. 1980) (internal quotation marks omitted); *see also Mattachine Soc'y*, 406 F. Supp. 3d at 70.

[5] Thomas has not argued, and has thus forfeited any contention that, these costs were not incurred because of his violation. *See Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018).

14

15

Moreland's supplemental motion, and award Moreland $14,689.70 in attorneys' fees and costs.  A

separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 16, 2022

15