IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY THOMAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL MORELAND, <br><br> Defendant. | Civil Action No. 18-cv-0800-TJK |

**DEFENDANT CRYSTAL MORELAND'S RESPONSE TO
PLAINTIFF'S RULE 41(a)(2) MOTION TO VOLUNTARILY DISMISS**

Plaintiff initiated this meritless defamation suit against Defendant four-and-a-half years ago, and now—after a year of extensive discovery, dozens of motions, and Defendant's fully-briefed motion for summary judgment—Plaintiff has moved to dismiss his action pursuant to Rule 41(a)(2). Plaintiff's motion to dismiss came a mere three hours after this Court issued a *Fox/Neal* Order notifying Plaintiff that failure to respond properly and completely to Defendant's re-filed motion for summary judgment will result in the end of his lawsuit. 9/30/2022 Min. Order. Plaintiff's motion does not specify whether he seeks dismissal with or without prejudice, but under the circumstances, dismissal with prejudice is proper.

Rule 41(a)(2) permits dismissal of an action by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from plaintiff's voluntary dismissal. *Off. & Pro. Emps. Int'l Union, Loc. 2 v. Sheet Metal Workers Int'l Ass'n*, No. CV 07-2124 (RWR), 2008 WL 11397884, at *1 (D.D.C. June 26, 2008).

1

Here, Defendant will suffer harm if the motion to dismiss were granted without prejudice. Both "the advanced stage of the legal proceedings" and Defendant's "effort and expense to litigate [her] Motion for Summary Judgment" support dismissal with prejudice. *Walls v. LaHood*, No. CV 06-01259 (TFH), 2009 WL 10715776, at *1 (D.D.C. July 20, 2009); *see also Conafay by Conafay v. Wyeth Labs.*, 793 F.2d 350, 352 (D.C. Cir. 1986) (distinguishing voluntary dismissal without prejudice in a case in which a "motion to dismiss [was filed] at a relatively early stage of the litigation" from "cases where discovery had been completed" "or a motion for summary judgment was already pending").

Further, Plaintiff's motion for dismissal appears calculated to avoid the risk of summary judgment being granted in Defendant's favor. Thomas's "timing at this juncture suggests that the plaintiff in the instant case seeks dismissal simply to avoid an adverse judgment," which supports dismissal with prejudice. *Walls*, 2009 WL 10715776, at *1; *see also id.* ("[I]ndeed, under the circumstances, a dismissal without prejudice might well have constituted an abuse of discretion since [the plaintiff] was plainly seeking to avoid an adverse judgment." (quoting *Minnesota Mining & Mfg. Co. v. Barr Labs., Inc.*, 289 F.3d 775, 784 (Fed. Cir. 2002)). Hence, only a dismissal with prejudice, which will "result in a complete adjudication of the claims and serve as a bar to future actions," is appropriate. *Kilburn v. Islamic Republic of Iran*, 256 F.R.D. 1, 3 (D.D.C. 2009). This is particularly so in light of Plaintiff's predilection for litigiousness and his pattern of duplicative filings. Anything short of dismissal with prejudice denies Defendant her right to clear her name in this public forum of Plaintiff's meritless claim against her.

Finally, a "protective order, like any ongoing injunction, is always subject to the inherent power of the district court." *Adem v. Bush*, 425 F. Supp. 2d 7, 20 (D.D.C. 2006) (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)). This Court's inherent power to enforce

compliance with its lawful Orders, including but not limited to the Protective Order, ECF No. 37, and the Court's pending Show Cause Order to Plaintiff, 06/14/2022 Min. Order, does not end with dismissal of the case. *See id.* For the avoidance of any doubt, Defendant respectfully requests that the Court clarify in its Order dismissing this case with prejudice that (1) all terms of the Protective Order remain in effect unless and until modified by Order of the Court, and (2) the Court retains jurisdiction with respect to its Show Cause Order.

      A proposed Order is attached.

Dated: October 7, 2022

                                            Respectfully submitted,

/s/ *Anna Hrom*
Gloria Maier (D.C. Bar No. 1012208)
Anna Hrom (D.C. Bar No. 1657785)
Carl Metz (D.C. Bar No. 490633)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
gmaier@wc.com
ahrom@wc.com
cmetz@wc.com

*Counsel for Crystal Moreland*