UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY THOMAS,

      *Plaintiff*,

v.

CRYSTAL MORELAND,

      *Defendants*.

Civil Action No. 18-800 (TJK)

## ORDER

Pending before the Court are several motions filed by the parties, mostly during summary judgment briefing, requesting the sealing or unsealing of certain filings on the docket. To give the parties the opportunity to consider the effect of the contents of the Court's forthcoming Memorandum Opinion resolving the case (and that document's own sealing status) on their positions about the status of these filings, the Court will deny these motions without prejudice, subject to their renewal as explained in more detail below.

\*      \*      \*

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1980) (citation omitted). "[A] district court's decision to limit access to judicial records should, however, be informed 'by this country's strong tradition of access to judicial proceedings.'" *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (quotation omitted). In making such a decision, this Court considers a series of factors discussed in *Hubbard*: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents before the sealing order; (3) the fact that a party has objected to disclosure and the identity of that

party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *See* 650 F.2d at 317–22.

Litigants must always overcome a strong presumption in favor of public access to seal judicial records, and that "presumption is 'especially strong' for judicial opinions." *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 51 (D.D.C. 2008) (quotation omitted). "[W]hen information produced by a party in discovery becomes critical to the Court's analysis . . . the [sixth] 'purpose' factor does not support redaction" of a court's decision. *See In re McCormick & Co.*, No. 15-cv-1835 (ESH) 2017 WL 2560911, at *2–3 (D.D.C. June 13, 2017) ("There is an extremely strong public interest in access to judicial opinions, and [the movant's] proposed redactions would prevent the public from seeing information that was critical to the Court's analysis."). "A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions," which puts them on a different footing from "[o]ther portions of the record—such as documents filed with the court or introduced into evidence—[that] often have a private character, diluting their role as public business." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

Even beyond judicial opinions themselves, "[t]he interest in disclosure is especially strong for documents *relevant* to the central claims of the litigation," and the public should also be able to "review[] documents specifically referred to in the trial judge's public decision." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 52, 57 (D.D.C. 2021) (emphasis added) (cleaned up). Similarly, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.*, No. 16-cv-54 (EGS/ZMF), 2022 WL 2785985, at *7 (D.D.C. July 15, 2022) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Moreover, at the end of

a case, a court may revisit sealing decisions made during its pendency. *See John Does I-VI v. Yogi*, 110 F.R.D. 629, 632 (D.D.C. 1986) ("Blanket [protective] orders only postpone, rather than prevent, the need for the Court to closely scrutinize discovery materials to see if the seal is justified.").

\*   \*   \*

In a separate order today, the Court granted Defendant's Renewed Motion for Summary Judgment and denied Plaintiff's Rule 56(d) Motion. As explained in that order, the Court will issue a Memorandum Opinion and final Order resolving the case within 30 days. The Court will do so provisionally under seal and will provide the parties the opportunity to request that any portion of the Memorandum Opinion be redacted and remain under seal. But as the above legal authority makes clear, the contents of the Memorandum Opinion and the Court's decision on its sealing status may have a material impact on the parties' positions on the sealing of the filings identified in their pending motions. For all these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Provisionally File Unredacted Reply to 184 Under Seal Until Court Conducts *Hubbard* Analysis, ECF Nos. 188, 190; Defendant's Sealed Motion for Leave to File Motion and Response Under Seal, ECF No. 193; Defendant's Sealed Motion for Leave to File Under Seal, ECF No. 198; Defendant's Motion to File Under Seal Defendant's Opposition to Plaintiff's Motions to Unseal, ECF No. 201; Plaintiff's Motion to Unseal Plaintiff's Opposition to Defendant's Renewed Motion for Summary Judgment, ECF No. 202; Plaintiff's Motion to Unseal Plaintiff's Rule 56(d) Motion, ECF No. 205; Defendant's Sealed Motion for Leave to File Under Seal, ECF No. 207; and Defendant's Sealed Motion for Leave to File Under Seal, ECF No. 209, are **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within 30 days of the Memorandum Opinion's filing on the public docket, each party may file a single consolidated motion that requests the sealing or unsealing in

whole or in part of any of the filings identified in the above-referenced motions, in light of the contents of the Memorandum Opinion and whether any portion of it remains under seal.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 28, 2023