IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY THOMAS, JR.,

        Plaintiff,

v.

CRYSTAL MORELAND,

        Defendant.

Civil Action No. 18-cv-0800-TJK

**THIRD PARTIES' HUMANE SOCIETY OF THE UNITED STATES
AND THE HUMANE SOCIETY LEGISLATIVE FUND'S
PARTIALLY OPPOSED MOTION TO ACCESS SEALED DOCUMENTS**

Third parties, Humane Society of the United States and the Humane Society Legislative Fund (collectively, "HSUS"), through the undersigned counsel, hereby move the Court for access to certain sealed documents referenced therein.

1. On September 29, 2023, the Court entered an Order denying without prejudice various motions to seal and unseal documents in this case, including but not limited to ECF Nos. 188, 190, 193, 198, 201, 202, 205, 207, and 209. *See* ECF No. 216 at 3. Therein, the Court directed that within 30 days of the Memorandum Opinion granting Defendant's Motion for Summary Judgment, "each party may file a single consolidated motion that requests the sealing or unsealing in whole or in part of any of the filings identified in the above-referenced motions, in light of the contents of the Memorandum Opinion and whether any portion of it remains under seal." *Id.* at 3-4.

2. On November 28, 2023, Plaintiff filed a Motion to Unseal "all of the filings identified by the Court in its related Orders (ECF Nos. 215, 216 p. 3)." ECF No. 221.

3.

4. HSUS has produced confidential documents in this case, pursuant to the Protective Order entered on September 10, 2020. *See* ECF No. 37. HSUS has an interest in keeping any such confidential documents, or confidential information derived therefrom, sealed and not publicly available via any documents filed on the public docket.

5. In fact, as the Court is aware, on September 9, 2021, HSUS filed a Motion for Order to Show Cause to seek redress for Plaintiff's violations of the Protective Order, because he filed a complaint in District of Columbia Superior Court wherein he used and revealed HSUS confidential information and documents in violation of the Protective Order. ECF No. 118.[1]

6. HSUS cannot take a position on Plaintiff's motion to unseal because HSUS does not have access to any of the sealed documents he is moving to unseal and therefore cannot determine whether any HSUS confidential information is referenced therein.

7. HSUS therefore moves for access to the documents that Plaintiff is moving to unseal so that it may ascertain whether they reference any HSUS confidential information and whether they would have any objection to unsealing some or all of those documents.[2]

8. HSUS requests that the Court give HSUS fourteen (14) calendar days from the date it is given access to the sealed documents within which to oppose Plaintiff's Motion to

---

[1] On June 14, 2022, this Court entered an Order denying HSUS' Motion for Order to Show Cause as moot, and requiring Plaintiff to show cause, as to "why the Court should not sanction him, whether by holding him in civil contempt or imposing other sanctions up to and including dismissing this case, for violating the Protective Order in filing his Superior Court complaint." *See* June 14, 2022 Minute Order. On June 20, 2022, Plaintiff filed his response to the Order to Show Cause. ECF No. 173. On June 29, 2022, Defendant Moreland and HSUS filed their replies to Plaintiff's response. ECF No. 177 and 178. On July 15, 2022, Plaintiff filed a supplemental response to the Court's Order to Show Cause. ECF No. 180. The Court has not yet ruled on the June 14, 2022 Order to Show Case.

[2] As noted above, Plaintiff merely states in his motion that he is seeking to unseal the filings identified by the Court in ECF Nos. 215, and ECF 216 p. 3. As far as HSUS can identify by reviewing the public docket, this means Plaintiff is attempting to unseal ECF Nos. 198, 203, 209-2, 206, and 207-2, (referenced in ECF 215) and ECF Nos. 190, 193, 198, 201, 207, and 209 (referenced on p. 3 of ECF 216).

Unseal, ECF No. 221, and/or leave to file a motion to keep any portion(s) of the documents sealed.

9. Counsel for Defendant Moreland consents to the relief requested in this Motion, but Plaintiff does not.

## CONCLUSION

WHEREFORE, HSUS respectfully requests that its motion be granted.

Date: December 1, 2023

Respectfully submitted,

/s/ *Karla Grossenbacher*
Karla Grossenbacher, Esq., Bar No. 442544
Samantha L. Brooks, Esq., Bar No. 1033641
SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004
(202) 463-2400 (telephone)
(202) 641-9256 (facsimile)
kgrossenbacher@seyfarth.com
sbrooks@seyfarth.com

*Counsel for Third parties, Humane Society of the United States and the Humane Society Legislative Fund*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2023, a true and correct copy of the foregoing HSUS' Motion to Access Sealed Documents was filed with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification of such filing to counsel for Defendant and Plaintiff.

                                                       */s/ Karla Grossenbacher*
                                                          Karla Grossenbacher