UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY THOMAS, JR.,

        *Plaintiff*,

v.

CRYSTAL MORELAND,

        *Defendant*.

Civil Action No. 18-800 (TJK)

## MEMORANDUM ORDER

In November 2023, the Court granted summary judgment for Defendant Crystal Moreland in this hotly litigated defamation case. But a few lingering issues remain in the form of the parties' motions to seal and Plaintiff Jeffrey Thomas's motion for an order to show cause why Moreland and a non-party should not be sanctioned for filing confidential documents on the public docket while briefing the motions to seal. For the reasons explained below, the Court will grant in part and deny in part the sealing motions and deny Thomas's motion for an order to show cause.

**I.  Motions to Seal**

In accordance with the Protective Order, and for the most part in connection with their summary judgment briefing, the parties filed several motions requesting the sealing or unsealing of certain filings on the docket which were, in the interim, maintained provisionally under seal. After resolving Moreland's motion for summary judgment, the Court recognized that the contents of its Memorandum Opinion might have a material impact on the parties' positions on the sealing of these filings. Thus, the Court denied those sealing motions without prejudice and allowed each party to file a single consolidated motion requesting the sealing or unsealing in whole or in part of any of the filings identified in the previously filed motions. *See* ECF No. 216. The Court also granted Non-Party Respondents Humane Society Legislative Fund and Humane Society of the

United States (collectively "HSUS") access to the provisionally sealed documents and leave to file a sealing motion of their own, given the need to protect their institutional interests and confidential documents produced in the case. *See* Minute Order of Dec. 12, 2023.

Thomas, Moreland, and HSUS all filed such motions. Thomas simply requests "the unsealing of all of the filings identified by the Court." ECF No. 221 at 1. Moreland and HSUS oppose that request. In a joint motion, they divide the relevant filings into three categories. ECF No. 230. Category A includes 32 filings, none of which were directly cited in the Court's Memorandum Opinion. *Id.* at 4–6. Moreland and HSUS request that these Category A documents remain entirely under seal. Category B includes 10 documents that *were* directly cited in the Memorandum Opinion. *Id.* at 8–9. Moreland and HSUS propose filing these documents on the public docket with proposed redactions. Finally, Category C includes 52 documents; Moreland and HSUS agree with Thomas that these documents should be filed on the public docket with no redactions. *Id.* at 10–13.

Taking the categories in reverse order, the Court will grant the unsealing of the Category C documents, grant in part the proposed redactions for the Category B documents, and deny without prejudice the unsealing of the Category A documents.

### A.   Legal Standard

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1980) (citation omitted). "[A] district court's decision to limit access to judicial records should, however, be informed 'by this country's strong tradition of access to judicial proceedings.'" *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (quotation omitted). In making such a decision, this Court considers a series of factors discussed in *Hubbard*: (1) the need for public

access to the documents at issue; (2) the extent to which the public had access to the documents before the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *See Hubbard*, 650 F.2d at 317–22.

### B.   Analysis

Beginning with Moreland and HSUS's Category C documents, all parties agree that they should be unsealed in their entirety. So the Court will order them unsealed and filed on the public docket.

Moving to Category B, the Court will grant in part and deny in part Moreland and HSUS's proposed redactions. As Moreland and HSUS acknowledge, these documents were all cited in the Memorandum Opinion and so the public interest in them is "especially strong." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021). Still, they argue that the proposed redactions are necessary to protect "particularized privacy interests." ECF No. 230 at 6. Specifically, they seek to redact (1) the name of a nonparty formerly employed by HSUS to protect that person's privacy interests, (2) several cell phone numbers and Moreland's personal email address, and (3) portions of both an internal HSUS attorney's notes memorializing a pre-litigation conversation with Thomas's then-attorney, and portions of a pre-litigation letter sent from HSUS's outside attorney to Thomas's then-attorney. *Id.* at 6–7. The Court agrees that the second group of redactions warrant sealing but disagrees on the first and third groups.

As already noted, that these documents were all cited in the Memorandum Opinion favors public access. That said, some of the specific information Moreland and HSUS propose redacting was not directly cited by the Court and was not "critical to the Court's analysis." *In re McCormick & Co.*, No. 15-cv-1825 (ESH), 2017 WL 2560911, at *2–3 (D.D.C. June 13, 2017). That is, of

3

course, true for the personal cell phone numbers and Moreland's personal email address. That information was irrelevant to the Court's analysis, and the parties did not reference these exhibits for any reason connected to that information. The other *Hubbard* factors also favor continued sealing of this information, which has not been previously publicly disclosed and for which the relevant individuals have a strong interest in keeping it private. In short, the Court has little difficulty concluding that personal cell phone numbers and Moreland's email address merit redaction.

By contrast, the Court finds that the *Hubbard* factors do not support the other proposed redactions. Moreland and HSUS ask for the name of a nonparty formerly employed by HSUS to be redacted from several deposition transcripts, messages, and other documents. But the only information about that person that raises a material privacy interest is also present in a separate filing that has been on the public docket since September 2020. *See* ECF No. 36-1 at 2. Moreover, the Court already rejected HSUS's request to seal that information, in part because, even then, it had been on the docket so long. *See* Minute Order of May 25, 2022 (denying HSUS's request to seal ECF No. 36-1 containing the same information HSUS now seeks to redact). Given that this information has been publicly available for almost four years, redacting it now would be closing the stable door long after the horse has left.

The Court also does not find that Moreland and HSUS have shown that the pre-litigation attorney notes and letter should be redacted. To begin, unlike the previous groups of redactions where Moreland and HSUS sought to redact only specific contact information or names, here, the proposed redactions for these two documents are more extensive; Moreland and HSUS propose redacting virtually all of them. This is problematic because, at least with respect to ECF No. 198-22, the document includes information about one of Thomas's central claims that is cited directly

4

in the Memorandum Opinion. *See* ECF No. 217 at 28 n.12.[1] In other words, that document includes information that is "relevant to the central claims of the litigation." *Vanda Pharms., Inc.*, 539 F. Supp. 3d at 57; *see also In re McCormick & Co.*, 2017 WL 2560911, at *2 ("[W]hen information produced by a party in discovery becomes critical to the Court's analysis . . . the 'purpose' factor does not support redaction." (citation omitted)). That said, this factor is less relevant to ECF No. 198-20, which the Court cites only once and even then, merely to corroborate information elsewhere in the record. *See* ECF No. 217 at 6.

Still, for both these documents, the vague "privacy interests" that Moreland and HSUS have in them are hard to decipher. ECF No. 230 at 7. For one thing, much of the information they discuss is repeated elsewhere in the summary judgment briefing and supporting exhibits. Indeed, some of it is even discussed in the Memorandum Opinion itself. For example, Moreland and HSUS propose redacting from ECF No. 198-22 (but not ECF No. 198-20) Moreland's allegation that Thomas invited her to take a walk with him during the "magic hour"—but that incident is discussed several times in the Memorandum Opinion.[2] *See* ECF No. 217 at 3 (citing ECF No. 198-19), 29 n.13 (citing ECF No. 198-18). More importantly, Thomas—not Moreland or HSUS— appears to be the party whose privacy interests are most at stake if these documents are unsealed, given that they mainly recount allegations of misconduct against him. *See* ECF No. 237 at 2

---

[1] To be sure, Moreland and HSUS's proposed redaction excludes the specific part of the document directly cited by the Court. But the public interest in access to a document is not limited to only those portions of it that are directly quoted in an opinion, which are already publicly available. *Cf. Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666–69 (D.C. Cir. 2017) (rejecting the idea that portions of record not cited or quoted can readily be redacted).

[2] In addition, both documents mention that, according to HSUS, other women had come forward with complaints about Thomas, without mentioning any details. But this information is discussed in Moreland's summary judgment briefing, which she, HSUS, and Thomas agree should be unsealed. *See* ECF No. 198-2 at 6.

(Moreland and HSUS acknowledging that the information redacted is "unflattering to Plaintiff"). But Thomas disavows any such privacy interest by requesting that the documents be *unsealed*.

Moreland and HSUS also argue that these documents reflect "pre-litigation communications" and "settlement discussions" between HSUS and Thomas that are not ordinarily filed on the public docket. ECF No. 230 at 7. And it is true that whether a document reflects settlement discussions can be "an appropriate consideration under *Hubbard*" when "confidentiality was [an] important factor in the [] decision to settle the case." *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 9 (D.D.C. 2013) (cleaned up).[3] Here, there is nothing to suggest that these communications were settlement discussions, let alone such discussions that bore fruit. They include no settlement terms, back-and-forth negotiations, or concessions typical of settlement negotiations and that would suggest the need for confidentiality. For the most part, they reflect Moreland's and HSUS's allegations against Thomas (and how HSUS believed the allegations justified its decision to fire Thomas) that appear throughout the summary judgment briefing. Without more, that these documents reflect pre-litigation communications is not enough to outweigh any interest the public may have in viewing them given that Moreland attached them as exhibits to a dispositive motion, making them part of the judicial record.[4] *Cf. EEOC v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("[T]he starting point in considering a motion to [un]seal court records is a 'strong

---

[3] Indeed, that a document is a final settlement agreement is only one consideration under *Hubbard* and does not dispositively favor sealing. *See In re Chodiev*, No. 18-mc-13 (RMM), 2021 WL 1795423, *4 n.4 (D.D.C. Mar. 23, 2021), *report and recommendation adopted*, No. 18-mc-13 (EGS), 2021 WL 6805642 (D.D.C. May 7, 2021).

[4] Moreland and HSUS appear to suggest that because ECF No. 198-20 was created in anticipation of litigation, it might qualify as privileged or as attorney work product. *See* ECF No. 230 at 7 (citing Fed. R. Evid. 502 and ECF No. 41). But they do not actually assert such a claim. In any event, whether a document is attorney work product is only one consideration under *Hubbard*. And for all the reasons explained, the Court finds that the *Hubbard* factors, on balance, do not warrant its continued sealing.

presumption in favor of public access to judicial proceedings.'") (quoting *Johnson*, 951 F.2d at 1277.

In sum, the Court finds that, after weighing the *Hubbard* factors, the proposed redaction of personal cell phone numbers and Moreland's personal email address from the Category B documents is appropriate, but that the other proposed redactions are unwarranted.

On to the final category of documents. Moreland and HSUS request that the Category A documents remain entirely under seal. But the Court does not find that their wholesale sealing is appropriate. Moreland and HSUS mainly argue that because these filings were not cited in the Memorandum Opinion, the public interest in them is diminished. That is true, but it is hardly dispositive that they should remain entirely under seal. Indeed, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *See ICC Evaluation Serv., LLC v. Int'l Ass'n of Plumbing & Mech. Offs., Inc.*, No. 16-cv-54 (EGS/ZMF), 2022 WL 2785985, at *7 (D.D.C. July 15, 2022) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Thus, although the Court did not directly cite them in its Memorandum Opinion, Moreland and HSUS must still present adequate grounds for their sealing.

According to Moreland and HSUS, there are important privacy interests justifying the sealing of these documents. They explain that they contain personal, private information of nonparties, (including cell phone numbers), pre-litigation communications between attorneys about settlement discussions, and other internal HSUS materials. But none of those interests, as far as the Court can tell, support their wholesale sealing. Indeed, many of the privacy interests asserted by Moreland and HSUS in these documents mirror their asserted interests in the Category B documents discussed above. And as the Court already explained with respect to those documents, while some of those interests warrant sealing, others do not. Thus, the Court will require Moreland and HSUS

7

to propose specific redactions to the Category A documents, as they did for Category B. Indeed, in their reply brief, Moreland and HSUS requested, in the alternative, that they be allowed to do so. ECF No. 237 at 1. The Court will grant that request.[5]

For all these reasons, the Court will grant the parties' joint request to unseal all the Category C documents identified by Moreland and HSUS. It will grant Moreland and HSUS's motion to redact the personal cell phone numbers and Moreland's email address in the filings identified as Category B, but it will deny the request to redact the name of the nonparty formerly employed by HSUS and to redact the attorney notes and letter. And finally, it will deny without prejudice Moreland and HSUS's request to seal the filings identified as Category A and will permit them to propose specific redactions to those filings consistent with *Hubbard* and this Memorandum Order.

## II.     Motion for Order to Show Cause

Thomas also moves for an order requiring Moreland and HSUS to show cause why they should not be sanctioned for violating the Protective Order by filing confidential documents on the public docket while briefing the motions to seal. The basis for Thomas's motion is that in Moreland and HSUS's publicly filed joint sealing motion, they improperly disclosed sealed material. As Thomas explains, Moreland and HSUS attached to their motion on the public docket certain filings with proposed redactions—but those filings had already been designated confidential and filed under seal in their entirety.[6] In response, Moreland and HSUS explain that *they* were the

---

[5] The Court acknowledges the "administrative burden of reviewing" the record for sealing purposes, "but the D.C. Circuit has expressly held that 'the burden of producing judicial records may not permanently foreclose their unsealing.'" *Vanda Pharms., Inc.*, 539 F. Supp. 3d at 57 (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1134 (D.C. Cir. 2020)).

[6] These exhibits represent the documents identified by Moreland and HSUS as Category B.

parties who designated these documents confidential, and they withdrew that designation before filing them. According to Moreland and HSUS, because Thomas never designated these documents confidential, there was nothing preventing them from filing the documents publicly once they had withdrawn their designation. Thomas responds that only the Court could remove the confidentiality designation and permit disclosure.

### A.     Legal Standard

A court has the authority to hold a party in civil contempt for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. "Two elements must be established before a party may be held in civil contempt. First, the Court must have issued an order that is clear and reasonably specific. Second, the putative contemnor must have violated the Court's Order." *Stewart v. O'Neill*, 225 F. Supp. 2d 6, 10 (D.D.C. 2002) (citations omitted). "Courts may impose civil sanctions either to coerce the contemnor into compliance with the court's order or 'to compensate the complainant for losses sustained' from the contempt." *United States v. Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d 516, 520 (D.D.C. 2018) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). The decision to issue sanction "is left to the sound discretion of the district court judge." *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 213 (D.D.C. 2011), *aff'd*, 476 F. App'x 861 (D.C. Cir. 2012).

### B.     Analysis

The Protective Order itself does not address whether a party may remove a confidential designation at will, and if so, the procedure for doing so. Thus, it is hardly obvious that it is "clear and reasonably specific" enough for the Court to hold Moreland and HSUS in contempt under the circumstances. In any case, even assuming Thomas is right that Moreland and HSUS violated the Protective Order, sanctions against them would be inappropriate for at least two reasons. Thus, the Court will not order them to show cause.

First, there is nothing to suggest that Moreland or HSUS intentionally violated the Protective Order or that they did so to harass Thomas. As Moreland and HSUS explain, having withdrawn their confidentiality designation over these documents, they did not consider the documents to be protected by the Protective Order. They also knew at the time they filed their motion that more than a month beforehand, Thomas had moved to unseal all the documents at issue. And while Thomas claims that the purpose of this disclosure was to harass him, there is no evidence contradicting Moreland and HSUS's assertion of good faith. *See Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 136–37 (D.D.C. 2009) (violation of a court's order can be excused if there is "good faith substantial compliance with the order"). Indeed, the only reason Moreland and HSUS filed these documents on the docket was to propose redactions, as required by the Court's order. Moreover, contrary to Thomas's assertion, the documents filed did not uniformly disclose material unfavorable to him while redacting information unfavorable to Moreland and HSUS. In fact, many of the redactions proposed by Moreland and HSUS relate to information that is potentially embarrassing to Thomas.

Second, Thomas cannot point to any harm, loss, or inconvenience he has suffered from these documents being filed publicly. As mentioned above, Thomas requested that these very documents—along with all other documents in this case—be *unsealed*. In other words, Thomas seeks a show cause order against Moreland and HSUS for disclosing documents that Thomas himself has requested be placed on the public docket.

In sum, even if Thomas is right that Moreland and HSUS violated the Protective Order by unilaterally withdrawing their confidential designation of these documents without leave of the Court and then filing them on the docket, because the Court accepts their explanation that they acted in good faith, Thomas agrees that the documents should be unsealed, and Thomas has

10

suffered no harm or inconvenience, the Court will not impose civil sanctions for any such violation. Thus, the Court declines to issue a show cause order.

*     *     *

For all these reasons, it is hereby **ORDERED** that Thomas's Motion to Unseal Documents, ECF No. 221, and Moreland and HSUS's Joint Motion on Sealing, ECF No. 230, are **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the following documents shall be unsealed and placed on the public docket:  ECF Nos. 182, 188, 190, 193, 193-1, 193-2, 193-3, 193-4, 193-5, 198, 198-1, 198-2, 198-3, 198-4, 198-6, 198-7, 198-8, 198-10, 198-11, 198-12, 198-15, 198-16, 198-17, 198-24, 198-27, 198-28, 198-30, 198-35, 198-38, 198-49, 198-50, 198-51, 201, 201-1, 201-2, 201-3, 202, 203, 203-1, 203-7, 206, 206-2, 206-4, 207, 207-1, 207-2, 209, 209-1, 209-2, 209-5, 209-6, and 209-8.

It is further **ORDERED** that Moreland and HSUS's request to file the following documents under seal shall be **DENIED WITHOUT PREJUDICE**:  ECF Nos. 198-13, 198-14, 198-21, 198-23, 198-29, 198-31, 198-32, 198-33, 198-34, 198-36, 198-37, 198-39, 198-40, 198-41, 198-42, 198-43, 198-44, 198-45, 198-46, 198-47, 198-48, 198-52, 198-53, 203-2, 203-3, 203-4, 203-5, 203-6, 203-8, 206-1, 206-3, and 209-7.  It is further **ORDERED** that by July 9, 2024, Moreland and HSUS may file a renewed motion to seal with respect to these documents with proposed redactions in accordance with this Memorandum Order.

It is further **ORDERED** that Moreland and HSUS's request to file the following documents with proposed redactions shall be **GRANTED IN PART** and **DENIED IN PART**:  ECF Nos. 198-5, 198-9, 198-18, 198-19, 198-20, 198-22, 198-25, 198-26, 209-3, and 209-4.  It is further

**ORDERED** that by July 9, 2024, Moreland and HSUS shall file new versions of these documents containing only the redactions permitted by the Court as described in this Memorandum Order.

It is further **ORDERED** that Thomas's Motion for Order to Show Cause, ECF No. 233, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 4, 2024