# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7167**  **September Term, 2023**

**1:18-cv-00800-TJK**

**Filed On:** August 8, 2024

Jeffrey Thomas, Jr.,

    Appellant

    v.

Crystal Moreland,

    Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Wilkins, Katsas, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order filed on November 6, 2023, be affirmed.  Appellant fails to demonstrate that the district court abused its discretion when it denied appellant's motion for additional discovery under Federal Rule of Civil Procedure 56(d).  See Cruz v. McAleenan, 931 F.3d 1186, 1191 (D.C. Cir. 2019) (abuse of discretion standard).  The district court acted within its discretion when it determined that appellant's motion, filed nearly two years after the discovery period closed, was untimely.  See United States ex rel. Folliard v. Gov't Acquisitions, Inc., 764 F.3d 19, 26 & n.5 (D.C. Cir. 2014) (noting that the district court may consider a party's "diligence" in reviewing a Rule 56(d) motion).  The district court also did not abuse its discretion in holding, following a detailed analysis, that appellant had otherwise failed to demonstrate that relief under Rule 56(d) was appropriate.  See Convertino v. U.S. Dep't of Justice, 684 F.3d 93, 99-100 (D.C. Cir. 2012) (describing the factors to be considered in reviewing a Rule 56(d) motion).

The district court also correctly granted summary judgment in favor of appellee as to appellant's defamation claim.  Appellant fails to address the district court's decision regarding two of the fourteen allegedly defamatory statements, and therefore forfeits any challenge to the district court's grant of summary judgment as to these two statements.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-7167**                                           **September Term, 2023**

(D.C. Cir. 2004).  For the remaining twelve, the district court correctly concluded that, under District of Columbia law, the statements were protected by the common interest privilege.  See Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 858 (D.C. Cir. 2006). Appellant fails to demonstrate that the district court erred in determining that appellant had not satisfied his "difficult burden of showing malice" sufficient to overcome the common interest privilege.  Id. at 859; see also Novecon Ltd. v. Bulgarian-Am. Enter. Fund, 190 F.3d 556, 567 (D.C. Cir. 1999) (explaining that under District of Columbia law, if the "language" and "circumstances" surrounding the publication of the allegedly defamatory statements "are as consistent with the nonexistence of malice as with its existence, there is no issue for the jury" (quotation omitted)).

       Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                   **FOR THE COURT:**
                                   Mark J. Langer, Clerk

            BY:    /s/
                         Daniel J. Reidy
                         Deputy Clerk